J-A30024-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| HOWARD L. GLEIT | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| EMMA KIM-AHN NGUYEN, THAO THI NGUYEN, TRUNG Q. NGUYEN, AN QUOC NGUYEN AND NAM NGUYEN | |
| APPEAL OF: EMMA KIM-AHN NGUYEN | |
| Appellant | No. 3061 EDA 2013 |

Appeal from the Order October 24, 2013
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): October Term 2006 No. 04892

BEFORE: LAZARUS, J., MUNDY, J., and PLATT, J.[*]

MEMORANDUM BY MUNDY, J.:                    **FILED NOVEMBER 20, 2014**

Appellant, Emma Kim-Ahn Nguyen, appeals from the October 24, 2013 order finding her in civil contempt and imposing sanctions for her willful failure to comply with the trial court's post-judgment discovery orders. After careful review, we affirm.

From our review of the certified record, we summarize the following relevant procedural history. On November 3, 2006, Appellee, Howard L. Gleit, filed suit against Appellant, and others who are not parties to this appeal, for breach of contract, *quantum meruit*, unjust enrichment,

_____

[*] Retired Senior Judge assigned to the Superior Court.

promissory estoppel, and fraudulent transfer. On September 20, 2011, after a four-day bench trial, the trial court found in favor of Gleit and against Appellant and co-defendants in the amount of $77,734.46. Judgment was entered on November 23, 2011 and Appellant, with her co-defendants, appealed. *See Gleit v. Nguyen*, 64 A.3d 284 (Pa. Super. 2013) (unpublished memorandum). On November 28, 2011, Gleit served Appellant and co-defendants with a first set of interrogatories and request for production in aid of execution.[1]

While the appeal was pending, on February 22, 2012, Gleit filed a motion to compel Appellant and co-defendants to answer the discovery request. Appellant filed no response. On March 27, 2012, the trial court granted Gleit's motion and ordered each defendant to "provide full and complete responses to [Gleit]'s Execution Interrogatories and Request for Production of Documents **without objection** within 10 days, or suffer sanctions." Trial Court Order, 3/27/12 (emphasis in original). Gleit filed his first motion for sanctions on April 23, 2012, after Appellant did not comply with the court order. Gleit next filed a motion, on May 18, 2012, for an order to compel Appellant to attend a deposition. The trial court granted Gleit's motion for sanctions on May 24, 2012, imposing sanctions in the

---

[1] **See** Pennsylvania Rule of Civil Procedure 3117 (permitting plaintiff, at any point after judgment, before or after the issuance of a writ of execution, to engage in discovery for the purpose of discovering assets of the defendant).

amount of $750.00 to be paid to Gleit for the "preparation of and appearance of this motion[]" and ordered Appellant, a second time, to provide full and complete answers to the discovery requests without objection. Trial Court Order, 5/24/12. The order further notified Appellant that "an appropriate contempt order shall be imposed … upon application to the court" if the order is not followed. ***Id.***

Thereafter, on June 7, 2012, Appellant filed a motion for a protective order. Gleit filed his second motion to compel and for sanctions on June 12, 2012, which was temporarily denied on June 20, 2012 pending the outcome of the appeal from the underlying judgment, without prejudice to revisit the motion once the appellate process was complete. On July 10, 2012, the trial court granted Appellant's motion for protective order by staying discovery during the pendency of the appeal. On January 23, 2013, this Court affirmed the judgment. ***See Gleit, supra***. Appellant did not file a petition for allowance of appeal with our Supreme Court.

Thereafter, Gleit resumed seeking discovery and, on June 14, 2013, filed a third motion for sanctions, seeking attachment and civil contempt.[2]

---

[2] Specifically, Gleit requested the trial court to find Appellant in civil contempt for "failure to answer [Gleit]'s Interrogatories in Aid of Execution, Request for Production of Documents in Aid of Execution despite entry of an order sanctioning these defendants to comply." Plaintiff's Motion for Sanctions and Civil Contempt, 6/12/13, at 1-2. Additionally, on August 12, 2013, Gleit filed a motion to compel Appellant to attend deposition after Appellant failed to attend a deposition Gleit scheduled for June 21, 2013.

Appellant's attorney responded, and a hearing on this motion was held August 26, 2013. At the contempt hearing, the trial court received testimony from Appellant but declined to impose the requested sanctions. Instead, the trial court afforded Appellant yet another opportunity to comply with the discovery sought in aid of execution of the judgment against her. The trial court instructed counsel for Gleit to produce a list of specific questions for Appellant regarding various properties she owned, and Appellant was ordered to provide complete answers within one week of her receipt of the list. The trial court further directed Appellant's counsel to act on her behalf to ensure compliance with the order, and the trial court notified Appellant that her failure to comply would result in sanctions against her nearing the amount of the judgment.

Subsequently, on August 29, 2013, Appellant's counsel filed a petition to withdraw. A hearing was held on September 19, 2013 to assess Appellant's compliance with the court order, at which time the trial court found Appellant had not complied with the court order and imposed sanctions, as Gleit did not receive any response from Appellant.[3]

_____

[3] The trial court docket does not contain an entry indicating a hearing was scheduled for September 19, 2013. However, the caption on the September 19, 2013 hearing transcript indicates the proceeding was a hearing on a motion for sanctions. Furthermore, the trial court docket indicated a hearing on Appellant's counsel's petition to withdraw was scheduled for October 8, 2013. That hearing was cancelled and not rescheduled. On September 3, 2013, Appellant, through her counsel, filed a response to Appellee's motion
*(Footnote Continued Next Page)*

On October 16, 2013, counsel's petition for leave to withdraw was granted without a hearing. The order further stated, "[t]he sanctions imposed on [Appellant] continue at $1000.00 (One Thousand Dollars) per day until the Court Order of August 26, 2013 is complied with. [Appellant] was notified at the September 19, 2013 hearing that no delay of execusion [sic] or compliance with the August 26, 2013 Order would be granted." Trial Court Order, 10/16/13.

On October 23, 2013, Appellant filed the instant appeal.[4] On October 24, 2013, the trial court filed another order, finding that Appellant had not complied with the court order of August 26, 2013, and imposing the afore-described sanctions until Appellant complies.[5]

_(Footnote Continued)_ ————————————

to compel deposition asking the trial court, _inter alia_, to stay all proceedings on this motion to compel deposition while the trial court considered the petition to withdraw. On September 5, 2013, the trial court docket reflects a motion to compel deposition filed on behalf of Appellee was assigned to the trial court.

[4] Pursuant to Pennsylvania Rule of Appellate Procedure 1925(b), the trial court ordered Appellant to file a statement of matters complained of on appeal. Appellant timely complied. The trial court did not file a 1925(a) opinion.

[5] Appellant appeals from the "October 16, 2013 order, amended October 2[4], 2013." Appellant's Brief at 1. The record reveals Appellant was found to be in violation of the trial court's order, and sanctions were imposed from the bench at the hearing on September 19, 2013. The order signed on October 16, 2013, references that pronouncement, but does not itself affirmatively impose the sanctions. Pa.R.A.P. 301(c) provides, "a direction by the lower court that a specified judgment, sentence, or other order shall be entered, unaccompanied by actual entry of the specified order in the
_(Footnote Continued Next Page)_

> [U]pon consideration of [Gleit]'s Motion for Sanctions, and upon finding that the [Appellant] has failed to comply with this Court's Order of August 26, 2013, it is hereby ORDERED and DECREED that sanctions are imposed upon [Appellant] to pay [Gleit] the amount of $1000.00 per day from September 5, 2013 until [Appellant] complies with the Order of August 26, 2013 by providing full and complete answers to the requests set forth in counsel's letter of August 28, 2013.

Trial Court Order, 10/24/13.

On appeal, Appellant raises two issues for our review.

> [1] Did the conduct of [Appellant] rise to the level of contempt warranting a sanction of $1000 per day?
>
> [2] Did the trial court act appropriately by denying the request of [Appellant] for an extension of the sanction hearing to obtain alternative counsel?

Appellant's Brief at 1-2.

It is well established that "[t]he appealability of an order directly implicates the jurisdiction of the court." ***Bailey v. RAS Auto Body, Inc.***, 85 A.3d 1064, 1067 (Pa. Super. 2014) (citation and quotation marks omitted). Therefore, before turning to the merits of these claims, we must first determine if the order in question is subject to our review. "As a

*(Footnote Continued)* ————————

docket, does not constitute an appealable order. Any such order shall be docketed before an appeal is taken." Instantly, we conclude the order finding Appellant in civil contempt and imposing sanctions was the trial court's October 24, 2013 order. However, Pa.R.A.P. 905(a)(5) provides, "[a] notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof." Therefore, we have corrected the caption to reflect the order appealed from as the order of October 24, 2013.

general rule, only final orders are appealable, and final orders are defined as orders disposing of all claims and all parties." *In re Bridgeport Fire Litigation*, 51 A.3d 224, 229 (Pa. Super. 2012) (citation omitted); *See* Pennsylvania Rule of Appellate Procedure 341.

"Generally, discovery orders are deemed interlocutory and not immediately appealable because they do not dispose of the litigation." *Doughery v. Heller*, 97 A.3d 1257, 1261 (Pa. Super. 2014) (*en banc*) (citations omitted). "An order compelling discovery is not a final order." *Gormley v. Edgar*, 995 A.2d 1197, 1200 (Pa. Super. 2010) (citation omitted). However, "[a]n order of contempt is final and appealable when the order contains a present finding of contempt and imposes sanctions." *In re K.K.*, 957 A.2d 298, 303 (Pa. Super. 2008) (citation omitted). *See also Stewart v. Foxworth*, 65 A.3d 468, 470-471 (Pa. Super. 2013) (concluding "[a]n order imposing sanctions … is considered a final order and is therefore appealable") *citing Rhoades v. Pryce*, 874 A.2d 148, 151 (Pa. Super. 2005) (*en banc*), *appeal denied*, 899 A.2d 1124 (Pa. 2006). Nevertheless, "under prevailing Pennsylvania law[,] a civil contempt ruling with sanctions involving discovery orders remains interlocutory and not immediately appealable," and will not be reviewed prior to judgment on the underlying action. *Stahl v. Redclay*, 897 A.2d 478, 487 n.2 (Pa. Super. 2006), (citations omitted) *appeal denied*, 918 A.2d 747 (Pa. 2007).

In support of this Court's jurisdiction, Appellant posits, "[t]his [o]rder is not interlocutory or premised during the discovery period of the underlying litigation." Appellant's Response to Rule to Show Cause, 4/10/14, at 2. She asks this Court to review the merits of her claims because, she contends, our decision in *Christian v. Pennsylvania Financial Responsibility Assigned Claims Plan*, 686 A.2d. 1 (Pa. Super. 1996), permits an appeal of an order on a motion for discovery sanctions to be taken after final judgment has been docketed. *Id.* at 1-2. In *Christian*, this Court addressed whether a trial court's decision on a motion for sanctions pursuant to Pa.R.C.P. 4019(d) was a final appealable order. The rule provides for sanctions under certain conditions when a party has failed to make requested admissions that are subsequently proved at trial. *See* Pa.R.C.P. 4019(d). The *Christian* Court concluded that, because a motion for sanctions under Rule 4019(d) could only be brought after judgment, "it is essentially a discrete proceeding which ends upon the issuance of an Order granting or denying sanctions; litigation is then concluded and the litigant is out-of-court." *Christian*, *supra* at 4.

Instantly, Appellee's motion for discovery under Rule 3117 similarly could only be brought after judgment in the underlying case. Accordingly, we conclude that the instant civil contempt action for disobedience of the trial court's orders pertaining to compliance with Appellee's Rule 3117 discovery request is a discrete action and the trial court's October 24, 2013

order is a final appealable order. Although not explicit in its order, we deem the trial court's action in this case as a proceeding in civil contempt.

> If the dominant purpose is to vindicate the dignity and authority of the court and to protect the interest of the general public, it is a proceeding for criminal contempt. But where the act of contempt complained of is the refusal to do or refrain from doing some act ordered or prohibited primarily for the benefit of some private party, proceedings to enforce compliance the decree of the court are civil in nature.

*Stahl*, *supra* at 486. "[T]he purpose of a civil contempt order is to coerce the contemnor to comply with a court order." *Orfield v. Weindel*, 52 A.3d 275, 279 (Pa. Super. 2012). Further, "in civil contempt, the contemnor is able to purge himself of the contempt … that is, he may relieve himself of the sanction by complying with the court's order." *Gunther v. Bolus*, 853 A.2d 1014, 1018 (Pa. Super. 2004) (internal quotation marks and citation omitted), *appeal denied*, 853 A.2d 362 (Pa. 2004).

In the instant case, the discovery sought was in aid of execution of a judgment against Appellant. The trial court found Appellant "failed to comply" with a court order and directed Appellant to pay Gleit. Trial Court Order, 10/24/13. Therefore, the proceedings were undertaken to enforce compliance with discovery orders for Gleit's benefit in executing a final judgment. *See Stahl*, *supra*. Appellant may also relieve herself of the sanction imposed by complying with the order to respond to the requested discovery, and thus purge the contempt. *See Gunther*, *supra*.

Having concluded this appeal is properly before us, we now turn to the merits of Appellant's claims. "When considering an [o]rder holding a party in contempt for failure to comply with a court [o]rder, our scope of review is narrow: we will reverse only upon a showing the court abused its discretion." **Habjan v. Habjan**, 73 A.3d 630, 637 (Pa. Super. 2013) (citations omitted). In considering a challenge to a finding of civil contempt, we recognize the following.

> Each court is the exclusive judge of contempts against its process. The contempt power is essential to the preservation of the court's authority and prevents the administration of justice from falling into disrepute. When reviewing an appeal from a contempt order, the appellate court must place great reliance upon the discretion of the trial judge.

**Id.** (citations omitted). In order to sustain a finding of civil contempt, three elements must be established by a preponderance of the evidence: "(1) that the contemnor had notice of the specific order or decree which he is alleged to have disobeyed; (2) that the act constituting the contemnor's violation was volitional; and (3) that the contemnor acted with wrongful intent." **Id.** (quoting **Stahl**, **supra** at 489).

We conclude all three elements have been met in this case. Appellant acknowledges her attendance at the August 26, 2013 hearing and the trial court's order to respond to the discovery posed by Gleit. Appellant's Brief at 4. At the hearing, the trial court specifically announced the consequence of Appellant's failure to comply. "[W]hat I am going to do is issue a sanction

and the sanctions will probably come somewhere in the amount of the judgment …." N.T., 8/26/13, at 27.[6] Appellant argues that her failure to respond to the discovery request was because she was not comfortable providing answers without the assistance of her attorney. Appellant's Brief at 6; N.T., 9/19/13, at 12-13.

This argument lacks merit. Appellant's counsel was present and still representing her at the hearing on September 19, 2013. As the trial court observed, "[t]he petition to withdraw doesn't have anything to do with the compliance with the [c]ourt's order to answer the questions." *Id.* at 13. Counsel's petition to withdraw was not granted until October 16, 2013. Moreover, the record is replete with orders compelling this Appellant to comply with discovery long before the issue of her representation arose.

_____

[6] The original certified record did not contain the transcripts of the hearings at issue in this case. The importance of the certified record was discussed at length in **Commonwealth v. Preston**, 904 A.2d 1 (Pa. Super. 1996) (*en banc*), *appeal denied,* 916 A.2d 632 (Pa. 2007). In this case, Appellant makes specific citations to notes of testimony.

> If, however, a copy of a document has been placed into the reproduced record, or if notes of testimony are cited specifically by the parties or are listed in the record inventory certified to this Court, then we have reason to believe that such evidence exists. In this type of situation, we might well make an informal inquiry to see if there was an error in transmitting the certified record to this Court.

**Preston**, **supra** at 8 (citation omitted). Having been able to obtain the missing transcripts, we decline to find her issues waived on this basis.

*See, e.g.*, Trial Court Order, 3/27/12; Trial Court Order, 5/24/12. Each time, Appellant failed to comply with the orders of the court. The trial court made a specific finding that Appellant was unwilling to comply with the order and provide requested discovery. N.T., 9/26/13, at 16. It is clear the trial court found Appellant's noncompliance to be both volitional and with wrongful intent. *See Habjan*, *supra*.

Appellant asserts it is evident that the trial court found her in civil contempt. Appellant's Brief at 18. She argues, in the alternative, the trial court's sanction constituted a finding of criminal contempt without due process because of her inability to pay the amount imposed. *Id.* at 19. As noted, the dominant purpose of the proceedings was to coerce Appellant into complying with discovery for the benefit of Gleit, so the order is one of civil contempt. *See Orfield*, *supra*. Further, the Appellant is able to comply with the court order by responding to the requested discovery and avoid the monetary sanctions. *See Gunther*, *supra*. Accordingly, we conclude the trial court did not abuse its discretion in its finding of civil contempt.[7]

_____

[7] Appellant also argues the trial court abused its discretion in its manner of imposing sanctions for discovery violations without considering the appropriate factors. Appellant's Brief at 9, 13-14. We note the cases relied on for this proposition concern the imposition of sanctions for pre-trial discovery violations pursuant to Pa.R.C.P. 4019. As we conclude the trial court has found Appellant in civil contempt in order to enforce compliance with its orders, Appellant's argument fails.

In her second issue, Appellant claims the trial court erred in not granting her a continuance to obtain new counsel. We begin by noting, "[t]his Court reviews a trial court's decision to grant or deny a continuance for an abuse of discretion." *Ferko-Fox v. Fox*, 68 A.3d 917, 925 (Pa. Super. 2013) (citation omitted). Further, "[a]n abuse of discretion is more than just an error in judgment and, on appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the results of partiality, prejudice, bias or ill-will." *Id.*

Appellant argues that "[s]he was … entitled to representation at the hearing to determine whether sanctions should be imposed for her failure to respond to interrogatories and … whether the court were [sic] going to determine [Appellant] should be held in civil or criminal contempt." Appellant's Brief at 22. In denying Appellant's request the trial court stated, "[y]ou are represented by counsel. You are represented by competent counsel. You were represented on [August 26, 2013]. It would have been a simple matter for you to comply with the order. You haven't complied with it." N.T., 9/19/13, at 9. Appellant's counsel was not released from the case until October 16, 2013, he was present at the hearing on September 19, 2013, and the trial court found him to be competent counsel. Under these facts, we cannot conclude the trial court's denial of a continuance was

manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will. *See Ferko-Fox*, *supra*.

Based on the foregoing, we conclude that the trial court did not abuse its discretion in finding Appellant in contempt and imposing sanctions without granting her a continuance. Accordingly, the trial court's October 24, 2013 order is affirmed.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/20/2014