J-A28028-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| BAYVIEW LOAN SERVICING, LLC, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| CHINA L.B. RUTLEDGE, | |
| Appellee | No. 609 EDA 2016 |

Appeal from the Judgment Entered February 11, 2016
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): January Term 2011 No. 03691

BEFORE:  PANELLA, SHOGAN, and PLATT,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED DECEMBER 21, 2016**

Appellant, Bayview Loan Servicing, LLC ("Bayview"), appeals from the judgment entered in favor of Appellee, China L.B. Rutledge ("Rutledge") and against Bayview, following entry of nonsuit in this mortgage foreclosure action.[1]  We affirm.

The trial court summarized the factual and procedural history of this case as follows:

> On January 26, 2011, Wells Fargo, N.A., as certificate trustee not in its individual capacity solely as certificate trustee, in trust for registered holders of VNT Trust Series 2010-2 ("Wells

---

[*]  Retired Senior Judge assigned to the Superior Court.

[1]  "[I]n a case where nonsuit was entered, the appeal properly lies from the judgment entered after denial of a motion to remove nonsuit."  **Billig v. Skvarla**, 853 A.2d 1042, 1048 (Pa. Super. 2004).

Fargo"), commenced this foreclosure action against [Rutledge], as real owner of the mortgaged property located at 2007 West 68th Avenue, in Philadelphia ("Property"). On April 6, 1990, the mortgagor, Brenda E. Lewis, borrowed $36,745 from American Residential Mortgage Corporation ("American Residential"). Ms. Lewis signed a promissory note ("Note") and secured the loan with a mortgage ("Mortgage") on the property to American Residential. The Complaint asserts that Ms. Lewis died on April 1, 2000. Annie Ruth Harris, the mother and sole heir of the Estate of Brenda E. Lewis ("Lewis Estate"), transferred the Property to [Rutledge] by deed dated March 16, 2001 and recorded in Philadelphia County on December 24, 2001 under Document No. 50379562 ("Deed"). These facts concerning the transfer of the Property from the Lewis Estate to [Rutledge] are not alleged in the Complaint. Also, neither Ms. Lewis' mother as heir nor the Lewis Estate are named as a defendant in the action.

The Complaint alleges American Residential assigned the Mortgage to GMAC Corporation of Iowa by assignment dated October 10, 1990 and recorded in Philadelphia County. The Complaint then lists thirteen (13) subsequent mortgage assignments made and recorded throughout the years. The last assignment listed in the Complaint was made by Vantium REO Capital Markets, L.P. to Wells Fargo on December 15, 2010 and recorded in Philadelphia County at Document No. 52294039. The Complaint alleges the Mortgage has been in default by reason of Ms. Lewis's failure to make payments under the Mortgage since December 1, 1993. The Complaint attaches only a copy of the Property's legal description and the Notice of Intention to Foreclose sent in June 2010 to Ms. Lewis, Deceased, and [Rutledge]. The Complaint does not attach the Mortgage, Note or any of the mortgage assignments. Rather, the Complaint simply incorporates these documents by reference, but does not do so pursuant to Pa.R.C.P. 1019(g).

[Rutledge] filed Preliminary Objections to the Complaint objecting only to the Complaint's verification. [Rutledge] was represented by counsel at the time. [Wells Fargo] filed an Amended Complaint, to which [Rutledge] again filed Preliminary Objections objecting only to the verification. The Amended Complaint also fails to attach the Mortgage, Note or any of the mortgage assignments. The Preliminary Objections were sustained and [Wells Fargo] filed a substitute verification.

Thereafter, [Rutledge] filed an Answer to the Complaint with New Matter. [Rutledge's] New Matter raised several affirmative defenses, including lack of standing. [Rutledge] alleged both the general defense of lack of standing and more detailed defenses concerning standing which attack the numerous mortgage assignments. The Answer with New Matter attached as exhibits eight (8) of the mortgage assignments. Wells Fargo replied to the New Matter.

In February 2014, Wells Fargo filed a Motion to Compel [Rutledge's] answers to interrogatories and requests for admissions. The Motion was granted and [Rutledge] was given thirty (30) days to respond to the discovery requests or risk sanctions.

This [c]ourt later permitted [Rutledge's] attorney to withdraw as counsel for [Rutledge]. [Rutledge] thereafter proceeded *pro se*.

Wells Fargo later filed a Motion for Sanctions based on [Rutledge's] failure to comply with the [trial court's] previous discovery order. Wells Fargo asked the [c]ourt for the requests for admissions to be deemed admitted and [Rutledge's] Answer to the Amended Complaint [to] be stricken. An order was issued which granted the Motion and precluded [Rutledge] from offering evidence and/or testimony at trial. [The trial court] did not grant Wells Fargo's specific demand for the requests for admissions to be deemed admitted and [Rutledge's] Answer to be stricken.

In September 2015, [Appellant], Bayview Loan Servicing, LLC, was substituted as Plaintiff by Praecipe based on a mortgage assignment from Wells Fargo dated December 3, 2013 ("Bayview Assignment"). The copy of the Bayview Assignment attached to the Praecipe is not certified and has no markings indicating the Bayview Assignment [had] been recorded.

The action was subsequently deferred due to [Rutledge's] bankruptcy. The case was removed from deferred status in July 2015 and listed for trial.

The matter proceeded to a bench trial on September 8, 2015. [Bayview] was present but [Rutledge] did not appear. [Bayview] offered several documents to the [c]ourt as evidence,

including, *inter alia*, a certified copy of the Mortgage, the original Note and a copy thereof, a copy of the Bayview Assignment and a certified copy of the Deed. [Bayview] produced an employee witness, Terrance Schonleber, who testified regarding the documents.

\* \* \*

At the conclusion of [Bayview's] case, [the trial court] found [Bayview] failed to establish standing based on the documents offered at trial. Specifically, the Note was not endorsed in blank and the Bayview Assignment was neither recorded nor certified. Accordingly, [the trial court] entered a nonsuit against [Bayview] and in favor of [Rutledge].

[Bayview] timely filed [a] Motion for Post Trial Relief. The Note, [Bayview's] Motion to Compel and all mortgage assignments, including all preceding assignments not previously of record, were attached as exhibits. The Motion also include[d] a copy of the unrecorded and uncertified Bayview Assignment presented at trial and a copy of the Bayview Assignment with markings from the Philadelphia Commissioner of Records showing the Bayview Assignment was recorded on September 12, 2014 at Document No. 52827574. This [was] the first time [Bayview] provided the [c]ourt with a copy of the recorded Bayview Assignment.

On October 8, 2015, prior to [the trial court's] ruling on the Motion, [Bayview] filed a direct appeal of the nonsuit with [this Court]. The appeal was quashed on December 4, 2015[,] as the Post Trial Motion had not yet been ruled on.

Trial Court Opinion, 2/11/16, at 1-9.

By order entered February 11, 2016, the trial court denied Bayview's post-trial motion and entered judgment in Rutledge's favor. Bayview timely appealed.

Bayview presents the following issues for our review:

     1.     Whether the lower Court erred in not finding that [Rutledge] waived the issue of standing by failing to raise it in either of her preliminary objections?

     2.     Whether the Lower Court erred in failing to find that [Bayview] had standing by virtue of [Rutledge's] failure to respond to Requests for Admissions pursuant to Pa.R.C.P. 4014(b).

     3.     Whether [Bayview] proved standing by entering the original Note indorsed in blank in to evidence at trial?

     4.     Whether assuming, *arguendo*, that the Court finds that the note was not negotiated, [Bayview] was nevertheless entitled to enforce the note pursuant to Section 3203(b) of the Pennsylvania Uniform Commercial Code ("PUCC")?

     5.     Whether assuming, arguendo, the Court finds that the note was not negotiated, [Bayview] has standing as Mortgagee by assignment?

     6.     Whether the Assignment of the Mortgage to Bayview, whether or not it was recorded, demonstrates possession of the Note under Section 3204(c) of the PUCC.

     7.     Whether [Bayview] named all proper parties and released [Brenda E. Lewis], in accordance with Pa.R.C.P. 1144(b), giving the Trial Court subject matter jurisdiction over all proper parties.

Bayview's Brief at 4-5.

In its first claim, Bayview asserts that Rutledge waived the issue of standing by failing to raise it in either of her preliminary objections. Bayview's Brief at 15. While Bayview acknowledges that Rutledge raised the issue of standing in her Answer with New Matter, it asserts that such pleading does not preserve the issue if it is not raised in preliminary objections. *Id.* at 16-17. Moreover, Bayview maintains that "if standing is contested in an answer as in this case, [Rutledge] waived the issue because

she was required to raise it in her first responsive pleading." *Id.* at 17. Additionally, Bayview posits that the court cannot *sua sponte* raise standing issues. *Id.* at 16.

Rule 1032 of the Pennsylvania Rules of Civil Procedure provides, *inter alia*, as follows:

> **Rule 1032. Waiver of Defenses. Exceptions. Suggestion of Lack of Subject Matter Jurisdiction or Failure to Join Indispensable Party**
>
> a) A party waives all defenses and objections which are not presented either by preliminary objection, answer or reply, except a defense which is not required to be pleaded under Rule 1030(b), the defense of failure to state a claim upon which relief can be granted, the defense of failure to join an indispensable party, the objection of failure to state a legal defense to a claim, the defenses of failure to exercise or exhaust a statutory remedy and an adequate remedy at law and any other nonwaivable defense or objection.

Pa.R.C.P. 1032. As this Court has held: "[t]he issue of incapacity to sue is waived unless it is specifically raised in the form of a preliminary objection **or** in the answer to the complaint." *Huddleston v. Infertility Center of America*, 700 A.2d 453, 457 (Pa. Super. 1997) (emphasis added); *see also In re Estate of Alexander*, 758 A.2d 182, 189 (Pa. Super. 2000) ("[c]hallenges to a litigant's capacity to sue must be raised by way of preliminary objections or answer."). The term "capacity to sue" relates to standing. *Hall v. Episcopal Long Term Care*, 54 A.3d 381, 399 (Pa. Super. 2012). Moreover, "our Supreme Court has made clear that we may not question a party's standing *sua sponte*." *U.S. Bank, N.A. v. Pautenis*,

- 6 -

118 A.3d 386, 393 n.8 (Pa. Super. 2015) (Where trial court did not address standing, and it was not clear whether mortgagee had standing to bring a foreclosure action, this Court did not have authority to raise standing *sua sponte* because homeowner did not challenge bank's standing to bring action.)

Herein, Rutledge raised Bayview's lack of standing in her answer and new matter. **See** Answer and New Matter, 7/4/12 at ¶ 5 (Rutledge denies that Bayview is the holder of the mortgage); ¶¶ 9-20 (Rutledge denies valid assignment of the Mortgage or Note to Bayview); ¶¶ 39-99 ("SECOND AFFIRMATIVE DEFENSE: LACK OF STANDING"). Thus, Bayview's first claim lacks merit. Accordingly, we proceed to address the remainder of Bayview's claims.

Bayview's next five issues challenge the nonsuit entered by the trial court and consist of various arguments asserting that it did indeed have standing in this matter.

> In reviewing the entry of a nonsuit, our standard of review is well-established: we reverse only if, after giving appellant the benefit of all reasonable inferences of fact, we find that the factfinder could not reasonably conclude that the essential elements of the cause of action were established. Indeed, when a nonsuit is entered, the lack of evidence to sustain the action must be so clear that it admits no room for fair and reasonable disagreement.... The fact-finder, however, cannot be permitted to reach a decision on the basis of speculation or conjecture.

**Vicari v. Spiegel**, 936 A.2d 503, 509 (Pa. Super. 2007) (internal citations and quotation marks omitted).

In its second issue, Bayview asserts that Rutledge is deemed to have admitted standing by failing to respond to Bayview's request for admissions pursuant to Pa.R.C.P. 4014(b). Bayview's Brief at 17. Specifically, Bayview claims that the trial court erred in failing to find that Rutledge's failure to respond to the chain of mortgage assignments is deemed an admission. *Id.* Bayview further asserts that Rutledge's failure to respond to all of the requests for admissions made by Bayview resulted in her admission that the then-plaintiff, Wells Fargo, held and possessed the mortgage at the time. *Id.* at 18-19. Morever, it asserts, Rutledge's failure to appear at trial and failure to move for withdrawal of her admissions as required by Pa.R.C.P. 4014(d) results in her admission of Bayview's standing. *Id.* at 19.

As this Court has explained:

Rule 4014 governs requests for admissions. It permits a party to serve upon another party a written request for the admission of the truth of certain matters relating to statements or opinions of fact or the application of the law to fact. Pa.R.C.P. 4014(a). This includes questions regarding the execution, correctness, genuineness, authenticity, signing, delivery, mailing, or receipt of any document described in the request for admissions. *Id.* "The purpose of this discovery tool is to clarify and simplify the issues raised in prior pleadings in order to expedite the litigation process." *Christian v. Pennsylvania Fin. Responsibility Assigned Claims Plan*, 454 Pa.Super. 512, 686 A.2d 1, 5 (1996) (citation omitted), *appeal denied*, 548 Pa. 678, 699 A.2d 733 (1997). Unless the party responds to the request within 30 days (45 days for a defendant), the matter is deemed admitted. Pa.R.C.P. 4014(b). The trial court may extend or shorten the timeframe in which the responding party has to answer the request. *Id.*

***Estate of Borst v. Edward Stover Sr. Testamentary Trust***, 30 A.3d

1207, 1210 (Pa. Super. 2011).

> Conclusions of law are not within the permissible scope of requests for admissions; requests must call for matters of fact rather than legal opinions and conclusions. Rule 4014 provides that a party may deny a request for admission that the party considers a genuine issue for trial. This denial, however, is subject to the discovery sanctions of Rule 4019(d).

***Christian v. Pennsylvania Fin. Responsibility Assigned Claims Plan***,

686 A.2d 1, 5 (Pa. Super. 1996) (internal citations omitted).

In this case, Rutledge failed to respond to the requests for admission filed by Wells Fargo, the plaintiff at that point in the proceeding. A review of the requests for admission reveals that, even if all requests were deemed to be true, none would establish that Bayview has standing. There was no request for admission as to the chain of mortgage assignments in the document. Motion to Compel, 2/26/14, Exhibit A, Request for Admission at ¶¶ 1-15 (two paragraphs were numbered "14"). The only request for admission that could arguably establish Bayview's standing is request number five which provides as follows: "[Wells Fargo] currently holds and possesses the Note and Mortgage." ***Id.*** at ¶ 5.

We first note that asking Rutledge to admit or deny that Wells Fargo then held and possessed the Note and Mortgage is a legal question. As will be discussed subsequently, the determination as to whether a bank is a holder in due course of a note and mortgage is a legal conclusion. Thus, this request was for a conclusion of law and therefore not within the permissible

scope of requests for admissions. *Christian*, 686 A.2d at 5. Moreover, as outlined, Bayview was subsequently substituted for Wells Fargo in this litigation, and such admission would not in and of itself establish that Bayview has standing to proceed with the current action against Rutledge. Again, as will be discussed in greater detail in addressing Bayview's additional issues related to standing, the question of whether Bayview has standing to proceed against Rutledge has not been established. We also note the trial court's observation that Bayview did not request that the unanswered requests for admission be deemed admitted at trial. Accordingly, the trial court did not err in failing to conclude that Rutledge admitted to Bayview having standing in this matter as a result of Rutledge's failure to respond to the request for admissions.

In its next two issues, Bayview asserts that it proved standing at trial by entering the original Note into evidence at trial. Bayview's Brief at 19. Bayview contends that the Note is indorsed in blank and therefore Bayview's possession of the Note entitles it to enforce the Note in this action. *Id.* at 21-22. Accordingly, Bayview asserts, the trial court abused its discretion in failing to find that it had standing on this basis. *Id.* at 22.

The holder of a mortgage has the right, upon default, to bring a foreclosure action. *Bank of Am., N.A. v. Gibson*, 102 A.3d 462, 464 (Pa. Super. 2014), *appeal denied*, 112 A.3d 648 (Pa. 2015). In a foreclosure action, the plaintiff can prove standing either by showing that it (1)

originated or was assigned the mortgage, or (2) is the holder of the note specially indorsed to it or indorsed in blank. *J.P. Morgan Chase Bank, NA. v. Murray*, 63 A.3d 1258, 1267-1268 and n.6 (Pa. Super. 2013).

> Under the Pennsylvania Uniform Commercial Code (PUCC), the note securing a mortgage is a negotiable instrument. *J.P. Morgan Chase Bank, N.A. v. Murray*, 63 A.3d 1258 (Pa.Super.2013). A note endorsed in blank is a "bearer note," payable to anyone on demand regardless of who previously held the note. 13 Pa.C.S.A. §§ 3109(a), 3301.

*Gibson*, 102 A.3d at 466; *see also PHH Mortg. Corp. v. Powell*, 100 A.3d 611, 621 (Pa. Super. 2014) ("Evidence that some other entity may be the "owner" or an "investor" in the Note is not relevant to this determination, as the entity with the right to enforce the note may well not be the entity entitled to receive the economic benefits from payments received thereon."). The Pennsylvania Uniform Commercial Code ("PUCC") defines a blank indorsement as follows: "If an indorsement is made by the holder of an instrument and it is not a special indorsement, it is a 'blank indorsement.' When indorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed." 13 Pa.C.S. § 3205(b). A special indorsement is defined as follows: "If an indorsement is made by the holder of an instrument, whether payable to an identified person or payable to bearer, and the indorsement identifies a person to whom it makes the instrument payable, it is a 'special indorsement.' When specially indorsed, an instrument becomes payable to

the identified person and may be negotiated only by the indorsement of that person." 13 Pa.C.S. § 3205(a).

Bayview presented the Note at trial. The trial court provided the following summary regarding the Note:

> The Note is dated April 6, 1990 and states the original loan amount of $36,745. The Note is in the name of the original lender, American Residential [Mortgage Corporation], and Ms. Lewis is the named borrower. The Note is a [two]-page document which contains a blank indorsement from GMAC Mortgage Corporation [of Iowa] at the bottom of the page. The indorsement is made by the Assistant Vice President, C. Tann.
>
> Several allonges[2] are included with the Note. The first allonge after the Note is date[d] April 1, 1997 and is specially endorsed to the order of Berkeley Federal Bank & Trust FSB from the U.S. Department of Housing and Development ("HUD") by its attorney-in-fact of Berkeley Federal Bank & Trust FSB. The indorsement is made by the Director of Mortgage Operations, Donald L. St. John. The allonge lists a loan number, the Note's execution date and names Ms. Lewis as the borrower.
>
> The following allonge is date[d] May 1, 1997 and is specially endorsed to the order of Girard Savings Bank, FSB from Ocwen Federal Bank FSB, f/k/a Berkeley Federal Bank & Trust FSB. The indorsement is made by the Director of Mortgage Operations, Donald L. St. John. The allonge lists a loan number, the Note's execution date and names Ms. Lewis as the borrower.
>
> The next allonge is not dated, but includes a loan number and names Ms. Lewis as the borrower. The allonge contains a special endorsement to the order of WMFC 1997-4 Inc. a Delaware Corporation from First Bank of Beverly Hills, FSB, formerly known as Girard Savings Bank, FSB. The indorsement

---

2   An allonge is "[a] slip of paper sometimes attached to a negotiable instrument for the purpose of receiving further indorsements when the original paper is filled with indorsements." Black's Law Dictionary 88 (9th ed. 2009).

is made by Senior Vice President, Chief Credit Officer, William Schack.

The subsequent allonge is also not dated, but includes a loan number and names Ms. Lewis as the borrower. The allonge is specially endorsed to Ocwen Federal Bank FSB by WMFC 1997-4 Inc. a Delaware Corporation. The indorsement is made by June Fogg, authorized signor.

The next allonge is dated May 18, 2001 and contains a special endorsement to the order of Franklin Credit Management Corporation from Ocwen Federal Bank FSB. The allonge lists a loan number, the Note's execution date, the Note amount and names Ms. Lewis as the borrower.

The following allonge contains a special endorsement [to] Sky Bank [from] Tribeca Loan Corporation. It is not dated and includes no information evidencing it was executed in connection with the Note at issue, including a loan number, a borrower name, a loan amount or an execution date. The indorsement is made by an individual named Frank Esposito, but there is no indication of his title or whether he is an authorized agent.

The final document is titled "Endorsement" and contains a blank indorsement from Wells Fargo, Franklin Credit Management Corporation, Attorney in Fact. The indorsement is made by Kelli J. Airis, Vice President. The document is not dated, but includes the Note's execution date, the original loan amount and lists Ms. Lewis as the original maker.

At trial [Terrence Schonleber, a Bayview employee] testified regarding the terms of the Note and that [Bayview] is in possession of the Note. When questioned by the [c]ourt about the allonges, [Bayview's] counsel indicated the last allonge is that which is specially indorsed from Ocwen Federal Bank FSB to Federal Credit Corporation. [Bayview's] counsel further explained that his office had the original Note prior to [Bayview] serving the loan, therefore the next allonge would be with [Bayview]. Counsel however, did not have said allonge at trial and did not offer it into evidence at trial.

Trial Court Opinion, 2/11/16, at 6-8 (internal citations omitted).

A review of the Note reflects that the trial court's summary of the Note and multiple allonges is correct. Furthermore, its summation of Terrence Schonleber's testimony and Bayview's counsel's comments is accurate.

The trial court provided the following analysis in addressing Bayview's claim that it had standing because it was in possession of the Note which was indorsed in blank:

> Here, the allonges to the Note presented at trial contain so many inconsistencies and irregularities that this [c]ourt finds [Bayview] has not proven the Note is indorsed in blank. Initially, except for the blank indorsements on the Note itself and on the "Endorsement" document from Wells Fargo, all other allonges are specially indorsed to banks other than [Bayview]. Further, several of the allonges, including the Endorsement from Wells Fargo, are not dated. At trial, [Bayview] never established whether the allonges and Endorsement were in the proper chronological order. [Bayview] also did not establish whether the allonges and Endorsement were properly affixed to the Note so as to become part of the instrument pursuant to the Uniform Commercial Code. *See* UCC § 3-202(2) ("An endorsement must be written by or on behalf of the holder and on the instrument or on a paper so firmly affixed thereto as to become part thereof.") Official Comment 3 ("A purported endorsement...pinned or clipped to an instrument is not sufficient for negotiation. The endorsement must be on the instrument itself, or on a paper intended for the purpose which is so firmly affixed to the instrument as to become as extension or part of it."[)] Accordingly, [Bayview] did not prove the final document titled "Endorsement", which contains the blank indorsement from Wells Fargo, is the final indorsement entitling [Bayview] to enforce the Note. In fact, as indicated above, [Bayview's] counsel stated on the record that the last allonge to the Note is the allonge which is specially indorsed from Ocwen Federal Bank FSB to Federal Credit Corporation. While counsel speculated there would be another allonge to [Bayview], nothing was presented to the [c]ourt.
>
> Further, [Bayview] never explain[ed] how the allonge from Sky Bank to Tribeca Loan Corporation relates to the Note at

- 14 -

issue or why it was included amongst the other allonges. Said allonge is undated and includes no information evidencing it was executed in connection with the Note. It contains no loan number, no borrower name, no loan amount and no execution date. There is also no indication it was executed by an authorized agent.

Accordingly, due to these irregularities and inconsistencies, and [Bayview's] counsel's statement at trial that the allonge specially indorsed from Ocwen Federal Bank FSB to Federal Credit Corporation is the last allonge, this [c]ourt finds [Bayview] has not proven the Note is indorsed in blank. Furthermore, because [Bayview] has not established the Note is specially indorsed over to [Bayview], [Bayview] lacks standing to enforce the Note.

Trial Court Opinion, 2/11/16, at 11-12 (internal citations omitted).

We agree with the trial court's analysis. As outlined above, Bayview has failed to establish that the Note is indorsed in blank, as it failed to establish that the "Endorsement" from Wells Fargo is the final indorsement entitling Bayview to enforce the Note. Additionally, Bayview's counsel testified that the last allonge to the Note was the special indorsement from Ocwen Federal Bank FSB to Federal Credit Corporation. N.T., 9/8/15, at 14-15. Bayview also failed to establish that the Note was specially indorsed to it. *Id.* at 15. Because the evidence does not establish that the Note is indorsed in blank, simple possession of the Note, even if obtained by transfer, is insufficient. Thus, we cannot conclude that the trial erred in concluding that Bayview lacked standing to enforce this Note on the basis of its possession of said Note.

Next, Bayview contends that even if it was not in possession of the duly indorsed Note, it has standing as assignee of the mortgage. Bayview's Brief at 23. Bayview maintains that it is the holder of the mortgage by virtue of a valid assignment of mortgage from the last record holder of the mortgage, namely Wells Fargo. *Id.* at 23. Bayview also asserts that it introduced the final assignment of mortgage to Bayview at trial. *Id.* at 24. Accordingly, Bayview posits that the trial court erred in finding that it did not have standing in this action. *Id.*

> In a mortgage foreclosure action, the mortgagee is the real party in interest. *See Wells Fargo Bank, N.A. v. Lupori*, 8 A.3d 919, 922 n. 3 (Pa.Super.2010). This is made evident under our Pennsylvania Rules of Civil Procedure governing actions in mortgage foreclosure that require a plaintiff in a mortgage foreclosure action specifically to name the parties to the mortgage and the fact of any assignments. Pa.R.C.P. 1147. A person foreclosing on a mortgage, however, also must own or hold the note. This is so because a mortgage is only the security instrument that ensures repayment of the indebtedness under a note to real property. *See Carpenter v. Longan*, 83 U.S. 271, 275 (1872) (noting "all authorities agree the debt is the principal thing and the mortgage an accessory."). A mortgage can have no separate existence. *Id.* When a note is paid, the mortgage expires. *Id.* On the other hand, a person may choose to proceed in an action only upon a note and forego an action in foreclosure upon the collateral pledged to secure repayment of the note. *See Harper v. Lukens*, 112 A. 636, 637 (Pa.1921) (noting "as suit is expressly based upon the note, it was not necessary to prove the agreement as to the collateral."). For our instant purposes, this is all to say that to establish standing in this foreclosure action, appellee had to plead ownership of the mortgage under Rule 1147, and have the right to make demand upon the note secured by the mortgage.

*CitiMortgage, Inc. v. Barbezat*, 131 A.3d 65, 68 (Pa. Super. 2016).

"An assignment is a transfer of property or some other right from one person to another, and unless in some way qualified, it extinguishes the assignor's right to performance by the obligor and transfers that right to the assignee." ***Legal Capital, LLC v. Med. Prof'l Liab. Catastrophe Loss Fund***, 750 A.2d 299, 302 (Pa. 2000). "Where an assignment is effective, the assignee stands in the shoes of the assignor and assumes all of his rights." ***Barbezat***, 131 A.3d at 69. "[A] real party in interest is a [p]erson who will be entitled to benefits of an action if successful.... A party is a real party in interest if it has the legal right under the applicable substantive law to enforce the claim in question." ***US Bank N.A. v. Mallory***, 982 A.2d 986, 994 (Pa. Super. 2009).

In addressing this issue, the trial court provided the following analysis:

> [Bayview] also failed to establish it is the current holder of the Mortgage by valid assignment. At trial, [Bayview] only presented to the [c]ourt a copy of the Bayview Assignment with no indication it was ever recorded. It was also not certified by the Philadelphia Commissioner of Records as a true and correct copy of the original. [Bayview] furthermore had not tendered proof of the chain of assignments from American Residential to [Bayview], as these assignments were not previously of record and were not provided to the [c]ourt at trial. While [Bayview] attached a copy of the recorded Bayview Assignment and all preceding mortgage assignments to the Motion for Post Trial Relief, these documents were not provided to the [c]ourt as proof at the time of trial and [Bayview] failed to prove the proper chain of title.

Trial Court Opinion, 2/11/16, at 12-13.

In Pennsylvania, several statutes mandate that mortgages and documents conveying an interest in land be recorded. Pennsylvania permits

assignment of mortgages and, in order to be effective as against third parties, written assignments must be recorded in accordance with 21 P.S. § 621 *et seq*.  "No deed or mortgage, or defeasible deed, in the nature of mortgages, hereafter to be made, shall be good . . . unless such deed be acknowledged or proved and recorded within six months after the date thereof[.]"  21 P.S. § 621.  Additionally,

> "Every such deed, conveyance, contract, or other instrument of writing which shall not be . . . recorded, as aforesaid, shall be adjudged fraudulent and void as to any subsequent bona fide purchaser or mortgagee . . . without actual or constructive notice unless such deed, conveyance, contract, or instrument of writing shall be recorded . . . before the recording of the deed or conveyance[.]"

21 P.S. § 351.

> "All deeds and conveyances . . . shall be recorded in the office for the recording of deeds . . . within ninety days after the execution . . . and every such deed and conveyance that shall . . . be made . . . which shall not be . . . recorded as aforesaid, shall be adjudged fraudulent and void against any subsequent purchaser or mortgagee[.]"

21 P.S. § 444.  Rule 1147(a) of the Pennsylvania Rules of Civil Procedure requires that a plaintiff in a mortgage foreclosure action set forth in the complaint, *inter alia*, "the parties to and the date of the mortgage, and of any assignments, **and a statement of the place of record of the mortgage and assignments**."  Pa.R.C.P. 1147(a)(1) (emphasis added).

While what was purported to be an assignment of mortgage from Wells Fargo to Bayview was presented at trial, the trial judge noted on the record that there was no evidence that the assignment had been recorded or

that it was a certified copy. Thus, Bayview failed to establish that it was the possessor of the mortgage via a valid assignment from Wells Fargo. Moreover, there was no evidence presented at trial that established that the mortgage had been properly assigned and conveyed to Wells Fargo from the original mortgagee, American Residential Mortgage Corporation.

As noted, while not presented to the court prior to trial, a recorded assignment from Wells Fargo to Bayview was presented to the trial court for the first time as an attachment to the post-trial motion. The assignments from American Residential Mortgage Corporation to Wells Fargo were also attached to Bayview's post-trial motion. However, these documents were not of record at the time the trial court entered nonsuit. Thus, we cannot agree that the trial court erred in concluding that Bayview failed to establish that it was the mortgagee via a valid assignment. *See Barnes v. Alcoa, Inc.*, 145 A.3d 730, 738 (Pa. Super. 2016) (explaining that this Court is prohibited from considering evidence not presented at trial when considering whether the trial court properly granted a nonsuit.).

Next, Bayview argues that the assignment of the mortgage to Bayview, whether recorded or not, demonstrates possession of the Note under section 3204(c) of the PUCC. Bayview's Brief at 25. Bayview contends that the trial court erred in failing to find that it had standing by virtue of an assignment of mortgage, regardless of whether it was recorded, which demonstrated possession of the Note under section 3204(c) of the

- 19 -

PUCC. *Id.* Bayview asserts that "the Assignment of Mortgage to [Bayview], which was produced at trial, operates as an unqualified indorsement of the Note." *Id.*

Section 3204(c) of the PUCC provides as follows, in relevant part: "For the purpose of determining whether the transferee of an instrument is a holder, an indorsement that transfers a security interest in the instrument is effective as an unqualified indorsement of the instrument." 13 Pa.C.S. § 3204(c). For reasons explained previously, however, we cannot agree that Bayview has established that it was a holder in due course of the Note. Moreover, we determined that the trial court did not err in concluding that Bayview failed to establish that it was the mortgagee via a valid assignment. Thus, we cannot agree with Bayview's argument that the assignment of the mortgage demonstrated possession of the Note. This claim also fails. Accordingly, we conclude that the trial court did not err in entering nonsuit against Bayview.

In its final issue, Bayview asserts that it named all proper parties in this action and released Brenda E. Lewis in accordance with Pa.R.C.P. 1144(b). Bayview Brief at 26. Therefore, the trial court erred in finding that it did not have subject matter jurisdiction over this case. *Id.*

In its opinion, the trial court, *sua sponte*, concluded that it lacked subject matter jurisdiction over the foreclosure action because the Lewis Estate is an indispensable party and is not named a defendant. Trial Court

Opinion, 2/11/16, at 13. The trial court determined that Wells Fargo was required to name Ms. Lewis's mother or the Lewis Estate as a defendant pursuant to Pa.R.C.P. 1144. *Id.*

Rule 1144 of the Pennsylvania Rules of Civil Procedure, pertaining to mortgage foreclosure actions provides as follows:

**Rule 1144. Parties. Release of Liability**

(a) The plaintiff shall name as defendants

(1) the mortgagor;

(2) the personal representative, heir or devisee of a deceased mortgagor, if known; and

(3) the real owner of the property, or if the real owner is unknown, the grantee in the last recorded deed.

(b) Unless named as real owner, neither the mortgagor nor the personal representative, heir or devisee of the mortgagor, need be joined as defendant if the plaintiff sets forth in the complaint that the plaintiff releases such person from liability for the debt secured by the mortgage.

Pa.R.C.P. 1144.

We note that the amended complaint consists of a single statement, incorporating by reference the original complaint. Amended Complaint, 4/5/12, at unnumbered 3. The following paragraph is included in the original complaint: "Pursuant to Pennsylvania Rule of Civil Procedure 1144, the Plaintiff releases from liability for the debt secured by the mortgage any mortgagor, personal representative, heir or devisee of the mortgagor who is not a real owner of the property at the time of the filing of this Complaint."

Complaint, 1/26/11, at ¶ 25. The Complaint named Rutledge as the real owner of the property. *Id.* at ¶ 4. Thus, Wells Fargo, as party in interest prior to Bayview, complied with the requirement of Pa.R.C.P. 1144(b) by releasing the mortgagor, Brenda E. Lewis, and her personal representative or heir from liability for the debt secured by the mortgage.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/21/2016