686 A.2d 1

Eleanor CHRISTIAN, Appellant,

v.

PENNSYLVANIA FINANCIAL RESPONSIBILITY
ASSIGNED CLAIMS PLAN, Appellee.

Superior Court of Pennsylvania.

Argued Sept. 10, 1996.

Filed Oct. 31, 1996.

Reargument Denied Jan. 3, 1997.

514

George J. Badey, III, Philadelphia, for appellant.

Brandon G. Johnson, Philadelphia, for appellee.

Before KELLY and SAYLOR, JJ., and MONTEMURO, Senior Judge.*

MONTEMURO, Judge.

This is an appeal from an Order of the Court of Common Pleas of Philadelphia County denying Appellant Eleanor Christian's Motion for Sanctions pursuant to Pa.R.C.P. 4019(d). This Motion sought to recover attorney's fees and costs incurred as a result of the Plan's failure to admit specific requests for admissions served by Christian. The trial court held that the Plan possessed reasonable grounds for denying the requests and therefore denied the Motion for Sanctions. We affirm.

* Retired Justice assigned to Superior Court.

■ Appellant, Eleanor Christian, initiated action against Defendant–Appellee, Pennsylvania Financial Responsibility Assigned Claims Plan ("the Plan"),[1] on February 8, 1995 as an arbitration matter in the Court of Common Pleas for Philadelphia County. Christian sought benefits from the Plan for injuries sustained when she was struck by an uninsured vehicle. Christian served the Plan with both a complaint and "Plaintiff's First Request for Admissions, Accompanying Interrogatories, and Request for Production of Documents." The Plan timely answered Christian's Requests stating its lack of information and objections as appropriate. During the course of litigation, the Plan later amended its answers to Christian's Request for Admissions, specifically denying those which the Plan considered legal conclusions or genuine issues of material fact for determination at arbitration.

On October 10, 1995, an arbitration panel entered an award for Christian in the amount of $15,000.00, which represents the Plan's per-person statutory limit of liability for uninsured motorist claims pursuant to 75 Pa.C.S.A. § 1754. No appeal was taken by either party within the thirty day appeal period. Thereafter, on or about November 27, 1995, Christian filed a "Motion for Taxation of Attorney's Fees as Costs Pursuant to Pa.R.C.P. 4019(d)" and a Memorandum of Law in Support of Plaintiff's Motion for Sanctions. Attached to the Memorandum, Christian included an affidavit of attorney's fees in the amount of $3,231.25, allegedly incurred as a result of having to prove the denied requests for admissions at arbitration, and a Bill of Costs filed November 28, 1995 in the amount of $643.72. The Plan filed a timely exception to the Bill of Costs on December 18, 1995.

1. The Pennsylvania Financial Responsibility Assigned Claims Plan is an entity created by the legislature under Subchapter E of the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S.A. § 1751 *et seq.* Its purpose is to provide limited statutory benefits to individuals injured in motor vehicle-related accidents who qualify as "eligible claimants" and are not otherwise entitled to recover insurance benefits. 75 Pa.C.S.A. § 1752; *Pennsylvania Financial Responsibility Assigned Claims Plan v. English*, 541 Pa. 424, 429, 664 A.2d 84, 86 (1995).

The trial court denied Christian's Motion for Sanctions in an Order docketed on January 24, 1996. The following day, Christian filed a praecipe to enter judgment on the arbitration award. This appeal followed.

Christian raises the following issues for our review:

1. Is the Pennsylvania Financial Responsibility Assigned Claims Plan immune from discovery sanctions for failure to admit pursuant to Pa.R.C.P. 4014 and 4019(d)[?]

2. May a party unreasonably, and without any basis, fail to admit a matter on the basis that the matter which forms the subject of the request presents a "genuine issue of fact for trial," and then when those matters are later proven at an arbitration hearing, avoid sanctions pursuant to Pa.R.C.P. 4019(d)[?]

(Appellant's Brief at 2). Before we consider the merits of this appeal, we must first determine whether Christian has appealed from a final order.

An appeal to this Court is appropriate only if it is from a final order, unless otherwise specifically permitted by statute or rule. *Jenkins v. Hospital of Medical College of Pennsylvania*, 535 Pa. 252, 259, 634 A.2d 1099, 1102 (1993). Generally, an order granting or denying discovery sanctions in a Motion pursuant to Pa.R.C.P. 4019 is interlocutory in nature and therefore not typically subject to an appeal until the underlying case is completed. *Bruno v. Elitzky*, 515 Pa. 47, 50, 526 A.2d 781, 782 (1987); *Joyce & Associates v. Pivirotto*, 358 Pa.Super. 50, 52, 516 A.2d 763, 764 (1986)(discovery sanction orders not reviewable prior to final judgment in main action absent unusual circumstances). An appeal may, however, lie from an order imposing or denying sanctions if the order constitutes a final order. An order is not "final" unless it is one which ends litigation by putting a litigant out-of-court or disposing of the entire case. *Grove North America v. Arrow Lift & Construction Equipment Co., Inc.*, 421 Pa.Super. 12, 17, 617 A.2d 369, 372 (1992). Christian asserts that, although the trial court's Order was initially interlocutory, it became appealable on January 25, 1996 the instant praecipe

for judgment was entered on the arbitration award. (Appellant Brief at 1, n. 1). The trial court disagreed, stating that because this Order was not final, it is not appealable, and therefore the appeal should be quashed. (Trial Ct. Op. at 2). This Court finds that the trial court Order denying sanctions is appealable, although not for the reasons stated by Christian.

■ A "[r]eduction of an order to judgment . . . upon praecipe of a party is a purely ministerial act. Entry of judgment cannot render appealable an otherwise unappealable order." *Hall v. Lee,* 285 Pa.Super. 542, 547 n. 2, 428 A.2d 178, 181 n. 2 (1981). It is therefore appropriate, and perhaps necessary, for this Court to look beyond the judgment to determine whether an action is in fact ripe for appeal. *Id.* The Order in the instant appeal does not fall squarely within the definition of a "final order," as it does not dispose of the entire case or oust a litigant from court. Rather, the Order was filed three months after the underlying action concluded with the entry of an arbitration award.

■ Most discovery sanctions under Pa.R.C.P. 4019 govern the conduct of parties during pretrial discovery and are ordinarily imposed *before* final disposition of the underlying action. *See, e.g.,* Pa.R.C.P. 4019(a)(imposing sanctions for failure to serve sufficient answers to interrogatories, respond to request for production, or appear at deposition). Sanctions under Pa.R.C.P. 4019(d) are different. Subsection (d) allows the court to enter an order imposing specific sanctions where a party fails to make a requested admission under Pa.R.C.P. 4014. Implicit in subdivision (d) is the requirement that a party file a motion for sanctions only after a trial and entry of a verdict or decree. Goodrich–Amram 2d § 4019(d):4 at 625. As a prerequisite for a motion under this Rule, a party requesting admissions must first prove those matters at trial which the opposing party failed to admit as requested. Moreover, an order pursuant to Rule 4019(d) taxes as costs against the opposing party the reasonable expenses and attorney's fees incurred in proving the unjustifiably denied admissions.

██ Therefore, it is only after the case is reduced to judgment that a motion under Rule 4019(d) is proper. Only at that point is it known whether an adverse party is subject to costs and whether proof of the denied admissions was made. Because a motion pursuant to Rule 4019(d) occurs after the completion of the underlying action, by its very nature, it is essentially a discrete proceeding which ends upon the issuance of an Order granting or denying sanctions; litigation is then concluded and the litigant is out-of-court. Therefore, the finality of the Order denying sanctions is determined not by the entry of judgment, but by the language and requirements of Pa.R.C.P. 4019(d). Because this is a final and appealable Order, this Court has jurisdiction to determine whether the trial court erred in denying Christian's motion for sanctions against the Plan.

██ It is well-settled that the specific sanctions imposed under Pa.R.C.P. 4019 for violation of discovery rules are left to the sole discretion of the trial court. *Sun Pipe Line Co. v. Tri–State Telecommunications, Inc.,* 440 Pa.Super. 47, 67, 655 A.2d 112, 122 (1995). Therefore, the standard of review governing this appeal is whether the trial court abused its discretion in denying Christian's motion for sanctions. An abuse of discretion is not merely an error of judgment. It requires a showing of manifest unreasonableness, partiality, ill-will, or such lack of support as to be clearly erroneous. *Paden v. Baker Concrete Construction, Inc.,* 540 Pa. 409, 412, 658 A.2d 341, 343 (1995). Under this standard, the party challenging the trial court's discretion on appeal bears a heavy burden. *In re Application of Milton S. Hershey Medical Ctr.,* 535 Pa. 9, 13, 634 A.2d 159, 161 (1993).

██ On appeal, Christian challenges the denial of sanctions for the Plan's failure to admit requests for admissions numbers 4, 7, and 8. (Appellant Brief at 8). The texts of the challenged requests are as follows:

1. *Request to Admit No. 4:* The accident in which plaintiff was injured occurred because while Joann R. Chamberlin was backing up her vehicle as set forth in the preceding request

for admission, she did not notice the plaintiff crossing 10th Street behind her vehicle, and she struck the plaintiff with the back of her vehicle. (Plaintiff's First Request For Admissions at 5).

2. *Request to Admit No. 7:* Plaintiff Eleanor Christian at all times pertinent hereto did not own a motor vehicle, nor did she reside in a household with anyone who did own a motor vehicle, nor was she named as an insured or in any other way covered by a policy of motor vehicle insurance. (Plaintiff's First Request for Admissions at 8).

3. *Request to Admit No. 8:* The driver of the said vehicle, Joann R. Chamberlin, at all times pertinent hereto, had no policy of motor vehicle insurance which covered the plaintiff's injuries herein, and therefore, coverage for plaintiff's damages is provided by the defendant. (Plaintiff's First Request for Admissions at 9).

The Plan denied each of the above requests as genuine issues of fact for trial.

 A party may serve requests for admissions as permitted under Pa.R.C.P. 4014. The purpose of this discovery tool is to clarify and simplify the issues raised in prior pleadings in order to expedite the litigation process. *Brindley v. Woodland Village Restaurant, Inc.,* 438 Pa.Super. 385, 397, 652 A.2d 865, 871 (1995). Conclusions of law are not within the permissible scope of requests for admissions; requests must call for matters of fact rather than legal opinions and conclusions. *Dwight v. Girard Medical Center,* 154 Pa. Commw. 326, 623 A.2d 913 (1993). Rule 4014 provides that a party may deny a request for admission that the party considers a genuine issue for trial. Pa.R.C.P. 4014(b). This denial, however, is subject to the discovery sanctions of Rule 4019(d).

On the motion of a party, Rule 4019(d) allows a court to order sanctions in the form of attorney's fees and costs against an opposing party who failed to admit requested admissions which were later proven at trial by the moving party. Pa. R.C.P. 4019(d). This Rule provides for certain exceptions to the imposition of sanctions. Sanctions for the failure to admit

are improper if the court finds that the party failing to admit had reasonable grounds to believe that he might prevail on the matter, or there was "other good reason" for the failure to admit. Pa.R.C.P. 4019(d)(3),(4).

In the instant case, the trial court denied sanctions, finding that the Plan possessed good reasons for its failure to admit. We agree. Christian's request for admissions Nos. 7 and 8 refer to the eligibility of a claimant to receive uninsured motorist benefits as provided by the Plan. However, it is the plaintiff who bears the burden of proving she is eligible for benefits. Eligibility under the Assigned Claims Plan requires the plaintiff to prove, among other things, that the claimant was not the owner of a motor vehicle and was not entitled to receive any first party benefits for injuries arising from the accident. 75 Pa.C.S.A. § 1752(3),(6).

Essentially, Christian is seeking sanctions against the Plan because the Plan refused to excuse Christian from her burden of proof. Burdens of proof are well-settled elements of trial practice; every party at trial must prove their case. The Plan is not required to excuse Christian from her burden of proof. An arbitration "cannot be avoided by the promulgation of a set of requests for admissions where a defendant has to agree that plaintiff does not have to meet its burden of proof." *Sun Pipe Line Co. v. Tri–State Telecommunications*, 440 Pa.Super. at 66, 655 A.2d at 121. Therefore, the Plan's failure to admit Christian's requests Nos. 7 and 8 was based on the reasonable grounds that such requests call for an admission of genuine issues of material fact.

Even though the Plan had a valid reason to deny the requests, this point is perhaps moot. In her own brief, Christian concedes that the Plan admitted requests Nos. 7 and 8 "shortly before arbitration." (Appellant's Brief at 20). Therefore, Christian was not held to her burden of proof regarding eligibility after all.

Request for admission No. 4 seeks an admission regarding the liability for causation of the motor vehicle accident. As a required element in a prima facie case of

negligence, causation must be established before liability is imposed. It is therefore the plaintiff's burden to prove the cause of her injuries as they relate to a motor vehicle accident. Under section 1754 of the Motor Vehicle Code, a claimant's recovery of uninsured motorist benefits is reduced consistent with any comparative negligence on the part of the claimant. 75 Pa.C.S.A. § 1754.

In her request No. 4, Christian asks the Plan to admit to the causation of her injuries (i.e., driver was not aware of plaintiff crossing the street behind her vehicle as she backed it up). Because causation is a prima facie element of which Christian had the burden of proof, the Plan appropriately denied the request for admission. As with the issue of eligibility, the Plan is not required to admit a prima facie element of Christian's case. Rather, the Plan was free to deny the request and proffer evidence of comparative negligence at arbitration in order to reduce the amount of the claimant's recovery.

This Court recognizes that the Pennsylvania Rules of Discovery are a vital part of our modern judicial system. Moreover, we recognize that the sanctions found in Rule 4019 are potent disciplinary tools used to ensure compliance with Discovery Rules. With this in mind, however, we are also cognizant of the fact that the sanctions permitted by 4019(d) are powerful sanctions which may involve considerable sums of money. This Court cannot, therefore, apply these sanctions lightly. Perhaps more importantly, this Court cannot allow abuse of these powerful sanctions by litigants who are unsatisfied with their award and seek compensation over and above the statutory limit of recovery. The Plan possessed reasonable grounds to deny Christian's requests for admissions, therefore the motion for sanctions is without merit. Any costs or fees Christian incurred were a direct result of the nature of trial practice and the allocated burdens of proof. Rule 4019(d) does not permit her to recover these costs as a means to supplement her damages award at arbitration. As a result,

the trial court's Order denying sanctions pursuant to Pa. R.C.P. 4019(d) was proper.[2]

Order affirmed.

**2.** Appellant Christian also raises an issue regarding whether discovery sanctions apply to the Pennsylvania Financial Responsibility Assigned Claims Plan as a "party" under Rule 4019(d). This Court does not need to discuss this issue. The trial court appropriately applied Rule 4019(d) and correctly ruled that the Plan possessed reasonable grounds to deny Christian's requests. The proper application of Rule 4019(d) as a basis for the trial court's Order precludes our review of this matter and renders it a non-issue.