## Henderson v. Henderson

C.P. of Montgomery County, no. 94-00241.

*Arthur S. Klein,* for plaintiff.
*Daniel C. Barrish,* for defendant

SALUS, *J.,* June 8, 1998—This appeal arises from the court's order dated February 10, 1998, granting judgment in favor of the plaintiff, Theodore H. Henderson Jr. In addition to judgment, the court awarded the plaintiff $750 in attorney's fees. The defendant appealed on March 12, 1998.

## FACTUAL AND PROCEDURAL HISTORY

The plaintiff filed a complaint in this action on January 6, 1994. The complaint alleges actions to quiet title and for unjust enrichment. As alleged in the complaint, the plaintiff and his mother, defendant Millicent Cameron Gibbs, jointly purchased property situated at 236 Glen Place, Elkins Park, Montgomery County. The plaintiff alleges that through an agreement with Ms. Gibbs, legal title to the property would be held solely in the name of defendant Gibbs. By way of further agreement, as alleged in the complaint, the plaintiff was to, and did, pay all costs for the property, including mortgage payments, taxes, and maintenance costs.

After plaintiff and his defendant mother purchased the property, defendant Gibbs executed a power of attorney

in favor of Doris Applebaum, Esquire. Applebaum used the power of attorney to convey the legal title for 236 Glen Place, Elkins Park, to defendant Jill Henderson, allegedly for Applebaum's sole benefit and without authority from defendant Gibbs. The complaint further alleges that eviction proceedings were commenced by defendant Henderson against the plaintiff.

The defendants filed preliminary objections to the plaintiff's complaint on April 6, 1994. The court sustained the preliminary objections by order dated September 9, 1994. The plaintiff filed a notice of appeal on September 20, 1994. The Superior Court reversed and remanded for further proceedings on August 9, 1995. An answer with new matter was filed on April 8, 1996.[1]

On April 10, 1997, the plaintiff filed a motion to compel defendant Jill Henderson to appear for a deposition. The court granted this motion by order dated May 19, 1997. The defendant was given 14 days in which to be deposed. Ms. Henderson did not submit to the deposition. The plaintiff filed a motion for sanctions on July 8, 1997. The court issued an order dated August 22, 1997, ordering Jill Henderson to be deposed in the month of October, 1997. On November 3, 1997, the plaintiff again filed a motion for sanctions, as defendant Henderson did not submit to a deposition in the month of October as ordered. By order dated November 12, 1997, the court ordered the defendant's deposition to be taken between November 17 and November 25, 1997. The court also imposed a $1,000 fine due to the defendant's contemptuous behavior.

---

1. The defendants' new matter raises the statute of frauds, statute of limitations, laches, estoppel, and defenses relating to the plaintiff's bankruptcy filing. Defendants' new matter, paragraphs 23-27.

The court again issued an order, dated January 16, 1998, ordering the defendant to be deposed within 18 days. The defendant again ignored the court's order. The plaintiff again filed a motion for sanctions. The court, having extended every opportunity for the defendant to cooperate, granted judgment in favor of the plaintiff and added an additional $750 as recompense for attorney's fees.[2] It is from this order that defendant Jill Henderson appeals. The reasoning for the imposition of this order is set out below.

## DISCUSSION

The court is granted the power to impose sanctions by Pennsylvania Rule of Civil Procedure 4019. The rule provides:

"(a)(1) The court may, on motion, make an appropriate order if . . . .

"(viii) a party or person otherwise fails to make discovery or to obey an order of court respecting discovery.
. . .

"(c) The court, when acting under subdivision (a) of this rule, may make

"(3) an order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or entering a judgment of non pros or by default against the disobedient party or party advising the disobedience;
. . .

"(5) such order with regard to the failure to make discovery as is just." Pa.R.C.P. 4019.

---

2. Order, dated February 10, 1998.

Sanctions imposed under Pa.R.C.P. 4019 are vested in the sound discretion of the trial court. Therefore, the standard of review is one of abuse of discretion. "An abuse of discretion is not merely an error of judgment. It requires a showing of manifest unreasonableness, partiality, ill-will, or such lack of support as to be clearly erroneous." *Christian v. Pa Financial Responsibility Assigned Claims Plan,* 454 Pa. Super. 512, 520, 686 A.2d 1, 4-5 (1996).

Here, the court did not abuse its discretion in entering judgment. The defendant ignored several court orders and failed to make arrangements to be deposed. Certainly between April 10, 1997 and February 10, 1998, nearly 10 months, defendant Jill Henderson could have made arrangements to appear for the requested deposition. Refusal to comply with a court-directed command to be deposed warrants the entry of judgment against the offending party. See *Miller Oral Surgery Inc. v. Dinello,* 416 Pa. Super. 310, 313-14, 611 A.2d 232, 234-35 (1992) (regarding refusal to answer interrogatories directed by the court to be answered); *Taylor v. City of Philadelphia,* 692 A.2d 308, 314 n.8 (Pa. Commw. 1997) (regarding the failure to respond to interrogatories and to comply with orders of the discovery judge).

The court did not abuse its discretion in that the entry of judgment was reasonable, the court demonstrated no partiality or ill-will, and there clearly was support for the order dated February 10, 1998. *Christian,* 454 Pa. Super. at 520, 686 A.2d at 4-5. For the reasons stated above, the court's order of February 10, 1998, should be affirmed.