J-A11033-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ELISABETTA ROBERTS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LILY DEVELOPMENT, L.P. & LILY | : | |
| CONSTRUCTION, LLC AND LILY | : | |
| DEVELOPMENT BAINBRIDGE SOUTH | : | No. 1494 EDA 2021 |
| COMPANY | : | |
| | : | |
| | : | |
| APPEAL OF: LILY DEVELOPMENT | : | |
| BAINBRIDGE SOUTH COMPANY | : | |

Appeal from the Order Entered June 21, 2021
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): 160300651

BEFORE: BOWES, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.: **FILED AUGUST 3, 2022**

Lily Development Bainbridge South Company ("Lily Development") appeals from the order granting a motion to compel post-judgment discovery and ordering sanctions on Lily Development and its founder and member Robert Volpe. Lily Development argues the court abused its discretion by imposing sanctions without holding an evidentiary hearing or oral argument and by imposing sanctions against Volpe in his individual capacity. We affirm the order compelling discovery and imposing sanctions on Lily Development and reverse the order to the extent it imposes sanctions on Volpe.

In March 2016, Elisabetta Roberts filed a Complaint against Lily Development, L.P. In May 2018, the parties entered a stipulation dismissing

Lily Development, L.P. as a party and substituting Lily Development and Lilly Construction, LLC as parties to the action. Volpe is the founder and a member of Lily Development. N.T., Aug. 15, 2018, at 83. In August 2018, a jury returned a verdict in Roberts' favor on her negligence and nuisance claims. After post-trial motions, the court entered a judgment notwithstanding the verdict ("JNOV") as to the negligence claim.[1]

In January 2019, Roberts filed a praecipe to enter judgment pursuant to Pennsylvania Rule of Civil Procedure 227.4 and judgment was entered against Lily Development and Lily Construction, LLC in the amount of $16,062.63 each.

Roberts appealed the trial court's order granting JNOV as to the negligence claim, and in March 2021, this Court reversed and remanded for the reinstatement of the verdict on the negligence claim in favor of Roberts.[2] The trial court entered judgment in favor of Roberts and against Lily

_____

[1] They jury also awarded $175,000 in punitive damages. In ruling on the post-trial motion, the court concluded that, unless Roberts consented to a reduction in the punitive damages award to $15,000 per defendant, the court would grant a new trial limited to punitive damages on the nuisance claim. Roberts filed a notice of election to accept punitive damage remittitur, reducing the punitive damages to $15,000 against each defendant.

[2] The Pennsylvania Supreme Court denied Lily Construction, LLC's petition for allowance of appeal in December 2021.

Development in the amount of $291,062.62.[3] Lily Development has not paid the judgment.

In April 2019, Roberts sent Lily Development post-judgment interrogatories in aid of execution and post-judgment requests for production of documents. Lily Development did not respond. Roberts filed a motion to compel in June 2019. In August, the trial court issued an order granting Roberts' motion to compel discovery responses and requiring Lily Development to file an answer to the post-trial interrogatories within 20 days. That same month, Lily Development sent Roberts incomplete responses to the interrogatories, which excluded relevant information. Roberts' Second Motion to Compel, filed Sept. 16, 2019, at Exh. D. It provided no information prior to May 8, 2018, which is when Lily Development became a party to the litigation. *Id.*

In August 2019, Roberts sent a notice of asset deposition to Lily Development, scheduling the deposition for September 17, 2019, and stating Roberts would take the deposition of Volpe or "an alternative representative, in his/her capacity as an authorized member of [Lily Development]." Roberts' Second Motion to Compel, filed Sept. 16, 2019, at Ex. G. Notice of Asset Deposition. Lily Development failed to fully respond to the discovery requests or produce Volpe or an alternative representative for deposition. In September

_____

[3] The court also entered judgment against Lily Construction, LLC, which satisfied its portion of the judgment. *See* Praecipe to Satisfy the Judgment, filed Mar. 29, 2019.

- 3 -

2019, Roberts filed a second motion to compel discovery responses and a motion for sanctions. In October, the trial court granted the motion and ordered Lily Development to provide full and complete responses, without objections, to the discovery requests within 15 days, to produce Volpe or an alternative representative for an asset deposition within 15 days, and to pay sanctions in the amount of $250.00. Lily Development did not complete discovery, produce Volpe or an alternative representative for the deposition, or pay the sanction.

Roberts filed a third motion to compel and motion for sanctions in March 2021. In June 2021, the trial court entered an order granting the motion and requiring Lily Development to produce an authorized representative for the purposes of discovery of assets within five days. It also imposed sanctions on Lily Development and Volpe in the amount of $1,000.00 for failing to comply with the court's prior orders and $250.00 for every day after the five days where "they failed to produce an authorized representative for deposition." Order, filed June 21, 2021. Lily Development filed this appeal.

Lily Development raises the following issues:

> 1. Did the trial court abuse its discretion by imposing sanctions against Robert Volpe in his individual capacity where he was not a party in the case and no previous court order was directed at him?
>
> 2. Did the trial court abuse its discretion by imposing sanctions against [Lily Development] and Robert Volpe without holding an evidentiary hearing and/or oral argument on [Roberts'] Motion for Sanctions?

3. Does the Court have jurisdiction to hear this appeal where the trial court's Sanctions Order is related to [Roberts'] discovery in aid of execution and the trial court has entered final judgment in the case?

Lily Development's Br. at 3.

We will first address Lily Development's third claim, as it impacts our jurisdiction to hear this appeal. In November 2021, this Court issued a rule to show cause "as to the finality or appealability of the order." Order, filed Nov. 4, 2021. We noted generally an order granting or denying discovery sanctions is an interlocutory order, not subject to an appeal. *Id.* Lily Development filed a response, arguing the order was appealable as a final order or, in the alternative, as a collateral order. We discharged the rule to show cause but advised the parties the Court may revisit the issue.

Lily Development claims this court has jurisdiction to hear this appeal because the order deals with post-judgment discovery and judgment in the case already had been entered. Lily Development argues that although discovery orders are usually interlocutory and not appealable, this general rule should not apply here. It points out that the final order in this case had already been entered and the case arose from post-judgment discovery, where sanctions were imposed. Because it is post-judgment, there will be no final judgment from which to appeal. It further claims that if the order is not appealable as a final order, it is appealable as a collateral order, as it is separable from and collateral to the main cause of action, the right involved is the imposition of sanctions on a non-party, and there is no other opportunity for this Court to address the order.

Roberts argues this Court lacks jurisdiction to determine this matter because it is not an appeal from a final order, it is not an interlocutory order as of right, and not a collateral order.

In *Kine v. Forman*, the Pennsylvania Supreme Court quashed the appeal from an order requiring a party to answer post-judgment discovery. 194 A.2d 175, 176-77 (Pa. 1963). There, the discovery request came after judgment on a note had been entered. In a footnote, the Court stated that "[h]ad the court, upon refusal of the party to answer the questions, imposed sanction, the order would have been final and appealable." *Id.* at 177 n.2. After remand, the case returned to this Court after the trial court had imposed sanctions for the defendant's failure to comply with post-judgment discovery. *Kine v. Forman*, 209 A.2d 1, 2 (Pa.Super. 1965). We affirmed the order, without discussing whether this Court had jurisdiction. *Id.* at 2-4.

In *Christian v. Pennsylvania Financial Responsibility Assigned Claims Plan*, 686 A.2d 1 (Pa.Super. 1996), this Court addressed whether an order imposing sanctions under Pennsylvania Rule of Civil Procedure 4019(d)[4]

---

[4] Rule 4019(d) provides:

> If at the trial or hearing, a party who has requested admissions as authorized by Rule 4014 proves the matter which the other party has failed to admit as requested, the court on motion may enter an order taxing as costs against the other party the reasonable expenses incurred in making such proof, including attorney's fees, unless the court finds that

*(Footnote Continued Next Page)*

was appealable. Rule 4019(d) "allows the court to enter an order imposing sanctions where a party fails to make a requested admission under [Rule] 4014." *Id.* at 4. We noted that "[i]mplicit in subdivision (d) is the requirement that a party file a motion for sanctions only after a trial and entry of a verdict or decree," as a party requesting admissions must prove the matters at trial. *Id.* We concluded the order denying sanctions was final and appealable. We reasoned that "[b]ecause a motion pursuant to Rule 4019(d) occurs after the completion of the underlying action, by its very nature, it is essentially a discrete proceeding which ends upon the issuance of an Order granting or denying sanctions[.]" *Id.* We noted that at that time "litigation is . . . concluded and the litigant is out-of-court" and "[t]herefore, the finality of the Order denying sanctions is determined not by the entry of judgment, but by the language and requirements of Pa.R.C.P. 4019(d)." *Id.*

Here, Roberts sought discovery under Rule 3117, which provides:

> (a) Plaintiff at any time after judgment, before or after the issuance of a writ of execution, may, for the purpose of discovery of assets of the defendant, take the testimony of any person, including a defendant or a garnishee, upon oral

---

> (1) the request was or could have been held objectionable pursuant to Rule 4014, or
>
> (2) the admission sought was of no substantial importance, or
>
> (3) the party failing to admit had reasonable ground to believe that he or she might prevail on the matter, or
>
> (4) there was other good reason for the failure to admit.

Pa.R.Civ.P. 4019(d).

examination or written interrogatories as provided by the rules relating to Depositions and Discovery. The prothonotary of the county in which judgment has been entered or of the county within this Commonwealth where the deposition is to be taken, shall issue a subpoena to testify.

(b) All reasonable expenses in connection with the discovery may be taxed against the defendant as costs if it is ascertained by the discovery proceedings that the defendant has property liable to execution.

Pa.R.C.P. 3117.

Here, as in **Christian**, under the applicable Rule, the discovery would necessarily take place after judgment has been entered and the discrete proceeding ended with the issuance of the order imposing sanctions. Further, here, the trial court imposed sanctions for failure to comply with post-judgment discovery. The Supreme Court stated in **Kine** that where, as here, the court imposed sanctions for failure to comply with post-judgment discovery, it would result in an appealable order. We therefore conclude we have jurisdiction over this appeal and turn to the merits of the appeal.

In its first claim, Lily Development argues that this Court should reverse and vacate the trial court's sanction order as to Volpe because the court abused its discretion by imposing sanctions against Volpe where he was not a party to the action and where the discovery and prior orders were not directed to Volpe. Lily Development claims the court references rules and cases that give it discretion to regulate the parties' conduct during discovery but points out that Volpe is not a party. It argues Volpe was the principal of Lily Development before its dissolution, but a corporate entity is separate from

individuals who have ownership in the entity. Lily Development argues that Volpe was not a party and was not served with a subpoena in his individual capacity and therefore the court abused its discretion in sanctioning him. Further, Lily Development notes that Roberts directed the discovery to Lily Development, not Volpe, and the orders directed Lily Development, not Volpe, to produce Volpe or an alternative for deposition. It reasons the trial court could not sanction Volpe where it had never directed him to take action.

Roberts claims the court did not abuse its discretion in imposing sanctions against Volpe, who is a principal, member, and corporate officer of Lily Development, claiming Volpe used his ownership in shell entities as a method to limit his liability. Roberts notes the asset discovery sought is the deposition of Volpe or an alternate representative and, as principal of Lily Development, Volpe failed to produce himself or an alternative representative. She argues that Volpe is a member, founder, corporate officer, and designated principal of Lily Development and he and Lily Development continually failed to comply with the orders directing compliance with discovery requests. Roberts points out that Volpe signed the verifications for pleadings and submissions. She argues that, because Lily Development seeks to protect and shield Volpe from individual liability, the only effective way to get compliance was to sanction both Lily Development and Volpe. She also claims Volpe committed fraud by requesting that Lily Development be substituted as a

party, even though it had been dissolved. She claims that, based on the facts of the case, it was proper to pierce the corporate veil.[5]

The trial court found it properly sanctioned both Lily Development and Volpe as its principal for failing to comply with the orders. The court noted it was undisputed that Volpe was a corporate officer and the designated principal of Lily Development and that Lily Development is a proper party in the action. It further found that Volpe and Lily Development willingly failed to comply with the prior orders mandating discovery, including the orders to produce Volpe or an alternate representative for a deposition. It found that Lily Development and Volpe did not show any discernible efforts to comply with the discovery mandates. It therefore concluded that sanctions against both Lily Development and Volpe were appropriate and necessary to ensure compliance. The court further stated that sanctions upon both Volpe and Lily Development were necessary due to the severity of the discovery violations, reasoning the court faced extreme circumstances, as Lily Development continued to disregard its orders and it was left with no option but to sanction appropriate individuals.

---

[5] Roberts further claims, in a single paragraph in the brief, that Lily Development does not have standing to appeal the order on Volpe's behalf. Roberts' Br. at 21. However, Roberts did not cite to any authority for the contention and did not develop this argument in the brief, and we will not do so for her. *See Commonwealth v. B.D.G.*, 959 A.2d 362, 371 (Pa.Super. 2008) (*en banc*) (finding claim waived where appellant did not develop argument and noting this Court "is neither obliged, nor even particularly equipped, to develop an argument for a party").

"Generally, imposition of sanctions for a party's failure to comply with discovery is subject to the discretion of the trial court, as is the severity of the sanctions imposed." ***Rohm and Haas Co. v. Lin***, 992 A.2d 132, 142 (Pa.Super. 2010).

Pennsylvania Rule of Civil Procedure 4019(a) governs the imposition of sanctions for discovery violations and provides:

(a)(1) The court may, on motion, make an appropriate order if

(i) a party fails to serve answers, sufficient answers or objections to written interrogatories under Rule 4005;

(ii) a corporation or other entity fails to make a designation under Rule 4004(a)(2) or 4007.1(e);

(iii) a person, including a person designated under Rule 4004(a)(2) to be examined, fails to answer, answer sufficiently or object to written interrogatories under Rule 4004;

(iv) a party or an officer, or managing agent of a party or a person designated under Rule 4007.1(e) to be examined, after notice under Rule 4007.1, fails to appear before the person who is to take the deposition;

(v) a party or deponent, or an officer or managing agent of a party or deponent, induces a witness not to appear;

(vi) a party or an officer, or managing agent of a party refuses or induces a person to refuse to obey an order of court made under subdivision (b) of this rule requiring such party or person to be sworn or to answer designated questions or an order of court made under Rule 4010;

(vii) a party, in response to a request for production or inspection made under Rule 4009, fails to respond

that inspection will be permitted as requested or fails to permit inspection as requested;

(viii) a party or person otherwise fails to make discovery or to obey an order of court respecting discovery.

Pa.R.C.P. 4019(a).

Rule 4019 provides for the imposition of sanctions where a party fails to comply with discovery requests. Volpe was not a party to the action. Further, although Rule 4019(a)(iii) mentions a "person," that reference is to a person served with discovery requests. *See* Pa.R.C.P. 4004(a)(2) ("interrogatories shall contain a notice stating . . . the name and address of each person to be examined if known, and, if the name is not known, a general description sufficient to identify each person to be examined or the particular class or group to which each person belongs . . . ."). Roberts directed the discovery requests and subpoena to Lily Development, not Volpe, and the requested deposition was to be of Volpe or an alternate representative.

The court provided justification for the imposition of sanctions, but it failed to justify the imposition of sanctions on Volpe where the court had not ordered that he, in his individual capacity, complete any task. *See* Order, Oct. 21, 2019 (ordering Lily Development to "provide full and complete responses" to discovery and to "produce Mr. Robert Volpe, or an alternate representative, in his/her capacity as authorized member of" Lily Development); Order, Aug. 1, 2019 (ordering Lily Development to answer the discovery). Although Roberts argues that the court could properly sanction Volpe by piercing the corporate veil, the trial court did not find that the veil could be pierced prior

- 12 -

to imposing sanctions. We conclude that, because Volpe was not a party to the case and no court order directed his individual compliance prior to the order imposing sanctions, the court erred. **Jones v. Faust**, 852 A.2d 1201, 1204 (Pa.Super. 2004) (finding sanctions not proper where imposed on doctor for violating order that did not mention him).

In its second issue, Lily Development argues the trial court abused its discretion by granting the motion and imposing sanctions without holding oral argument or an evidentiary hearing. Lily Development cites Rule 208.3 and local Rule 208.2, which, it claims, require a court to have argument or to develop the record on contested discovery motions. It argues its response raised issues of fact. It further claims that court-ordered Covid protocols required the trial court to set a hearing date. It argues the court abused its discretion by granting the motion and imposing sanctions without a hearing.

A party waives any issue not included in its concise statement of errors complained of on appeal. **See** Pa.R.A.P. 1925(b)(4)(vii).

Lily Development raised the following issues in its concise statement:

> 1. There is no basis to impose sanctions against Robert Volpe individually, as [Roberts'] March 18, 2021 motion to compel does not request sanctions against Mr. Volpe in his individual capacity, nor provide any authority in support of such sanctions.
>
> 2. The Court[] erred in imposing sanctions against Robert Volpe in his individual capacity, as Mr. Volpe is not a party to this case.
>
> 3. The Court erred in granting [Roberts'] motion to compel and for sanctions where [Lily Development] provided full

and complete responses to [Roberts'] discovery in aid of execution.

4. The Court erred in granting [Roberts'] motion to compel and for sanctions where [Lily Development] provided [Roberts] with documentation demonstrating that [Lily Development] was a single-purpose entity that developed an[d] sold its single asset—the real property located at 734-38 Bainbridge Street, Philadelphia, PA—in November 2017, before [Lily Development] was made a party to this case.

5. The Court erred in compelling post-judgment discovery from [Lily Development], an entity that has wound down its affairs and formally dissolved.

6. The Court erred in imposing sanctions on [Lily Development], an entity that has wound down its affairs and formally dissolved.

7. The Court erred in compelling post-judgment discovery from [Lily Development] concerning [Lily Development's] affairs before being a party to this action.

Statement of Matters Complained of on Appeal, filed Aug. 12, 2021.

Lily Development did not include in this statement a challenge to the court's failure to hold a hearing. It therefore waived the claim. **See** Pa.R.A.P. 1925(b)(4)(vii). Accordingly, we affirm the ordering directing Lily Development to respond to the discovery requests and produce a representative for an asset deposition and imposing sanctions on Lily Development. However, we reverse the order to the extent it imposes sanctions on Volpe in his individual capacity.

Order affirmed in part and reversed in part. Case remanded. Jurisdiction relinquished.

- 14 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>8/03/2022</u>