J-A14043-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| STREAMLINE SOLUTIONS, LLC, STREAMLINE CONSTRUCTION MANAGEMENT, LLC, STREAMLINE GROUP, LLC, US CAPITAL INVESTMENTS 7, LLC, LION CONSTRUCTION, LLC, AND MICHAEL STILLWELL | : : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | : : | No. 2229 EDA 2024 |
| v. | : : : : | |
| STUART GREEN AND MICHAEL TRUMBO | : : | |

Appeal from the Order Entered August 19, 2024
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 230400946

BEFORE: PANELLA, P.J.E., NICHOLS, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED SEPTEMBER 4, 2025**

Five corporate entities—Streamline Solutions, LLC; Streamline Construction Management, LLC; Streamline Group, LLC; US Capital Investments 7, LLC; and Lion Construction, LLC (collectively, the "Streamline Entities")—and Michael Stillwell ("Stillwell," and together with the Streamline Entities, "Appellants") appeal from the order[1] that, *inter alia*, sanctions

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] The order is dated August 14, 2024, and filed August 16, 2024. Nevertheless, the docket notation, reflecting notice pursuant to Pennsylvania Rule of Civil Procedure 236(b), was made on August 19, 2024. Therefore, the date of the

*(Footnote Continued Next Page)*

Appellants for discovery violations, requiring them to pay Stuart Green and Michael Trumbo's (together, "Buyers") counsel fees in the amount of $17,495.00. Appellants contend that the trial court abused its discretion in sanctioning them without adducing any evidence and further abused its discretion by denying them due process. We affirm.

As recounted by the trial court:

Buyers purchased a house [on] South Darien Street in Philadelphia on or around October 15, 2018. The house had been marketed, developed, constructed, warrantied, and sold by various entities owned by [] Stillwell and marketed under the "Streamline" brand.

After the house developed leaks, Buyers initiated an [American Arbitration Association] arbitration pursuant to the terms of the agreement of sale. An arbitration hearing took place over four days in December 2022. On January 27, 2023, the arbitrator entered a partial award in favor of Buyers, which was followed by a final award on March 8, 2023. The final award totaled $503,146.25 (the "Award"), and the arbitrator indicated that Buyers could recover from [both the Streamline Entities and Stillwell, who were jointly and severally liable].

On April 6, 2023, [Appellants] filed a petition to vacate or modify the Award in [the trial c]ourt, which Buyers answered on May 5, 2023. On June 20, 2023, [the trial c]ourt entered an order denying [Appellants'] petition and confirming the Award. On June 22, 2023, Buyers reduced the Award to a judgment. Thereafter, Buyers commenced discovery in aid of judgment execution. [Appellants have] repeatedly and consistently opposed those

_____

order for purposes of this appeal is August 19, 2024. *See* Pa.R.A.P. 108(b) (establishing that the date of entry of an order is the day on which the clerk makes the notation in the docket that Rule 236(b) notice was given). We have amended the caption accordingly.

efforts.[2]

On December 5, 2023, [the trial c]ourt, in response to Buyers' first motion to compel, ordered [Appellants] to provide complete answers and responses to [i]nterrogatories and [r]equests for [p]roduction of [d]ocuments. Buyers sought information related to the web of interconnected entities controlled by [] Stillwell. The [o]rder included an itemized list of categories of information and documents [Appellants] had to produce within [twenty] days of the [o]rder. The order deferred ruling on Buyers' request for sanctions.

Buyers filed a second motion to compel and for sanctions on January 17, 2024, arguing that [Appellants] had failed to comply with [the trial c]ourt's [o]rder. On June 21, 2024, [the trial c]ourt entered an [o]rder granting the motion, in part, and ordering [Appellants] to provide the requested information and documents within [seven] days. The [trial c]ourt scheduled a status hearing for July 9, 2024. In an [o]rder entered on July 12, 2024, the [trial c]ourt ordered [] Stillwell to sit for a deposition so that Buyers' counsel could confirm whether there was any outstanding remaining discovery that was within [Appellants'] control, but had not been previously produced in response to [the trial c]ourt's orders. The [trial c]ourt scheduled a hearing on Buyers' request for sanctions for August 13, 2024, to coincide with the expected completion of [] Stillwell's deposition.

At the August 13 sanctions hearing, counsel for Buyers represented that the testimony elicited at [] Stillwell's deposition confirmed that there were items from the [trial c]ourt's previous [o]rders that had still not been produced. Rather than rebutting Buyers' representations, counsel for [Appellants] argued that the transcript from the deposition "ha[d] not been certified by the court reporter" and therefore could not "be used in th[e sanctions] proceeding." The [trial c]ourt noted that counsel for Buyers could

_____

[2] At or around the time Buyers commenced judgment execution proceedings, Appellants appealed from the trial court's June 20, 2023 order. Ultimately, on August 30, 2024, this Court affirmed the trial court's order, which itself confirmed the arbitration award in Buyers' favor. *See Streamline Solutions, LLC v. Green*, 2024 WL 4003288 (Pa. Super., filed Aug. 30, 2024) (unpublished memorandum).

not unhear what she heard [] Stillwell testify to at the deposition, regardless of whether the transcript had been certified by the court reporter. The [trial c]ourt concluded that [Appellants] had failed to fully comply with [the trial c]ourt's prior discovery [o]rders.

As a result, the [trial c]ourt made a preliminary finding that [Appellants were] obligated to reimburse Buyers for attorney's fees and costs Buyers incurred due to [Appellants'] repeated failures to comply with prior discovery requests and court orders. Buyers were prepared to present testimony and evidence in support of their sanction request. Counsel for [Appellants], however, did not object to the amount sought by Buyers, which totaled $17,495.00. On August 14, 2024, [the trial c]ourt entered an [o]rder compelling [Appellants] to produce documents, which [Appellants], to date, had still not produced, and sanctioning [Appellants] in the amount of $17,495.50.

Trial Court Opinion, 12/9/24, 2-4 (record citations omitted).

Appellants timely appealed the sanctions order[3] and complied with

Pennsylvania Rule of Appellate Procedure 1925(b). On appeal, they present

two issues for review:

1. Did the trial court abuse its discretion by sanctioning them for alleged discovery violations without any evidence-based factual findings supporting the sanctions award?

2. Did the trial court abuse its discretion by denying them due process?

Appellants' Brief, 5.

Pennsylvania Rule of Civil Procedure 3117(a) provides that a plaintiff "at

---

[3] *See Kine v. Forman*, 194 A.2d 175, 177 n.2 (Pa. 1963) (indicating that sanctions for failure to comply with post-judgment discovery results in an appealable order).

any time after judgment, before or after the issuance of a writ of execution, may, for the purpose of discovery of assets of the defendant, take the testimony of any person, including a defendant or a garnishee, upon oral examination or written interrogatories as provided by the rules relating to Depositions and Discovery." Pa.R.Civ.P. 3117(a). To that point, our rules allow for discovery "regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action[.]" Pa.R.Civ.P. 4003.1(a).

To manage the flow of sought-after information, "[t]he trial court is responsible for overseeing discovery between the parties[,] and therefore[,] it is within that court's discretion to determine the appropriate measures necessary to insure adequate and prompt discovery of matters allowed by the Rules of Civil Procedure." *Rohm and Haas Co. v. Lin*, 992 A.2d 132, 143 (Pa. Super. 2010) (citation and internal quotation marks omitted). Sanctions may be ordered, *inter alia*, when "a party or person otherwise fails to make discovery or to obey an order of court respecting discovery." Pa.R.Civ.P. 4019(a)(1)(viii).

In ascertaining the appropriateness of sanctions, "[g]enerally, imposition of sanctions for a party's failure to comply with discovery is subject to the discretion of the trial court, as is the severity of the sanctions imposed." *Lin*, 992 A.2d at 142. "Discovery rulings are uniquely within the discretion of the trial judge[] and will not be reversed unless they are deemed to represent an abuse of discretion." *Id.* at 143 (citation and internal quotation marks

omitted); *see also Christian v. Pennsylvania Financial Responsibility Assigned Claims Plan*, 686 A.2d 1, 4 (Pa. Super. 1996) ("It is well-settled that the specific sanctions imposed under Pa.R.C[iv].P. 4019 for violation of discovery rules are left to the sole discretion of the trial court."). On appellate review,

> the standard of review governing this appeal is whether the trial court abused its discretion in [ordering sanctions]. An abuse of discretion is not merely an error of judgment. It requires a showing of manifest unreasonableness, partiality, ill-will, or such lack of support as to be clearly erroneous. Under this standard, the party challenging the trial court's discretion on appeal bears a heavy burden.

*Christian*, 686 A.2d at 5 (citations omitted).

> The court justified its imposition of sanctions as follows:

> In response to Buyers' first motion to compel, [the trial c]ourt ordered [Appellants] to produce discovery itemized in the December 5, 2023 [o]rder. [Appellants] did not do so, which prompted Buyers to file a second motion to compel, which [the trial c]ourt granted on June 21, 2024. The [c]ourt then scheduled a status hearing. At the July 9, 2024 hearing, in response to the representation from counsel for Buyers that [Appellants'] discovery remained incomplete and deficient, [the trial c]ourt ordered the deposition of [] Stillwell. At the August 13 hearing, which occurred after [] Stillwell's deposition, counsel for Buyers confirmed that [Appellants'] discovery remained incomplete.

> At no time did [Appellants] dispute that its discovery remained incomplete. Instead, [Appellants'] counsel offered a panoply of excuses bordering on the ridiculous, as exemplified by [Appellants'] counsel's contention at the hearing that Buyers could not rely on [] Stillwell's deposition transcript because the transcript had not yet been certified by the court reporter.

> In all, [the trial c]ourt held three hearings related to these issues. Counsel for Buyers has consistently requested the discovery to which it is entitled, and [Appellants have] consistently failed to

comply. [Appellants'] conduct has necessitated excessive litigation practice by Buyers. Moreover, [Appellants'] failure to comply cannot be viewed in a vacuum. As the Buyers pressed for discovery in 2023 and 2024, [Appellants have] repeatedly filed motions and appeals related to the underlying arbitration. Buyers have repeatedly had to expend time and resources responding to [Appellants'] filings. While [Appellants are] entitled to avail [themselves] of the rules of civil and appellate procedure, [Appellants'] conduct, when viewed globally, represents a concerted effort to delay and avoid the consequences of the arbitration award and judgment entered against it. [Appellants'] obdurate and vexatious conduct with respect to the discovery sought by Buyers is consistent with [Appellants'] course of conduct since it filed the petition to vacate.

Trial Court Opinion, 12/9/24, at 5-6.[4]

Appellants' first and second issues essentially argue the same point: the trial court erred by not conducting an evidentiary hearing to ascertain the appropriateness of sanctions. *See* Appellants' Brief, 12 (the sanctions order was entered "without an evidentiary hearing, without any testimony of any kind, without the cross-examination of witnesses, and without considering any evidence proffered in [c]ourt[]"); *id.* at 14 (stating, almost verbatim from the first argument section, that the court ordered sanctions "without conducting a meaningful hearing, without testimony of any kind, without allowing for the cross-examination of witnesses, and without considering any evidence[]").

_____

[4] The trial court also wrote, *inter alia*, that Appellants did not object to the sanctions amount. *See* Trial Court Opinion, 12/9/24, 6-7, *citing* N.T. Sanctions Argument II, 8/13/24, 28. Nevertheless, Appellants claim that the court-imposed sanctions without conducting a hearing or relying on evidentiary support, irrespective of the amount.

Appellants claim that, because a hearing was never held, the court did not, nor could it, rely on "any admissible evidence" to support entry of its sanctions order. *Id.* at 9. Appellants maintain that to the extent there was any reliance by the court on Stillwell's depositional testimony, such reliance is misplaced because, under Rule 4017(c), he was permitted to review the deposition's transcript within thirty days of it being taken and further had the ability to make "changes in form or substance" so long as he provided "a statement of the reasons given . . . for making the changes." Pa.R.Civ.P. 4017(c) (further indicating that if a deponent does not affirm contents of the transcript, it may be used, under the circumstances defined by the rule, "as fully as though signed"). When argument was held on August 13, 2024, it was still within that thirty-day window. *See* Appellants' Brief, 10 n.1; Pa.R.Civ.P. 4017(c). Nevertheless, in Appellants' summation, the court proceeded to order sanctions notwithstanding the dearth of admissible evidence and Appellants' on-the-record requests "to question witnesses" and "be heard." Appellants' Brief, at 14, *citing* statements of Appellants' counsel at the July 9, 2024 and August 13, 2024 argument sessions.

As best as can be discerned, Appellants' argument is actually two-fold: (1) the court never held a hearing to determine the appropriateness of sanctions; however, (2) if the August 13, 2024 argument session *is* construed

as a hearing, no admissible evidence was submitted or considered.[5]

Appellants cite several cases in support of their underlying proposition, all of which are distinguishable. In *Springer v. George*, 170 A.2d 367, 369 (Pa. 1961), although our Supreme Court found no abuse of discretion in the trial court's "refus[al] to admit into evidence the depositions of two out-of-state witnesses offered in defense" because they were not signed in accordance with Rule 4017(c), the "more important" conclusion was that the content of such depositions was substantively "inadmissible." 170 A.2d at 369. Nevertheless, unlike the present matter, *Springer* deals with the admissibility of depositions *at trial* rather than sanctions stemming from post-judgment discovery violations.

Appellants also cite to *Christian*, *supra*, to demonstrate that a hearing on sanctions was necessary. *See* 686 A.2d at 5. However, *Christian*, which required this Court to review the trial court's *denial* of sanctions, distinctively addresses pre-pleading requests for admissions under Rule 4014 that could later become sanctionable under the plain text of Rule 4019(d)(1). *See id.*

Appellants additionally rely on *Cove Centre, Inc. v. Westhafer Const., Inc.*, 965 A.2d 259 (Pa. Super. 2009), to support their averment that the issuance of sanctions inherently requires an evidentiary hearing and

---

[5] The parties and court, at times, appear to use "argument" and "hearing" interchangeably.

creation of a factual record. In **Cove Centre**, the appellant failed to provide pre-trial discovery. On appellee's motion, the resulting discovery sanction order terminated the underlying litigation. **See id.** at 261. This Court reversed, finding that entry of that order "exceed[ed] the [trial] court's discretion under the circumstances." **Id.** at 260. As dismissal is "the most severe sanction," **Cove Centre** compels a trial court, when considering this particular outcome, to balance the equities by "emphasizing the nature and motive of the non-compliant party's conduct[.]" **Id.** at 261-62. However, the case also suggests that sanctions-based dismissal *could* have been permissible had an "argument or evidentiary hearing" been convened for the allegedly offending party to explain its actions. **Id.** at 262. Moreover, unlike here, the appellee in **Cove Centre** never filed a motion to compel "so as to invoke the trial court's authority in the interest of advancing the litigation and minimizing delay[.]" **Id.** at 263.

Lastly, the final case relied upon by Appellants, **Sutch v. Roxborough Memorial Hosp.**, 142 A.3d 38 (Pa. Super. 2016), deals exclusively with monetary sanctions after a finding of civil contempt, which is inapposite to sanctions stemming from a discovery violation.

Having reviewed these four cases, we find that Appellants have failed to demonstrate that the court abused its discretion in ordering sanctions. Buyers have been seeking post-judgment discovery for approximately two years. As early as December 5, 2023, Appellants were explicitly on notice that their

failure to comply with the court's discovery order, which itself was issued after Buyers' first motion to compel discovery and oral argument, "may result in the imposition of sanctions, upon [a] properly filed motion." Order, 12/5/23, 2 (unpaginated); *see also* N.T. Motion to Compel Argument, 12/5/23, 31 (The court: "If I entered an order compelling discovery and then [Appellants] don't comply, then you come back and say, ['j]udge, motion for sanctions. They haven't complied.[']").

On June 21, 2024, the court entered an order granting Buyers' *second* motion to compel. That order, *inter alia*, obligated the Appellants to comply with the previous 2023 order and further scheduled a hearing for "counsel fees and costs[.]" Order, 6/21/24. At the subsequent hearing, Buyers' counsel conveyed the extent to which Appellants had not complied with discovery requests. *See, e.g.*, N.T. Sanctions Argument I, 7/9/24, 7-8. Nevertheless, the court deferred ruling on sanctions at this juncture, requiring Stillwell to sit for a deposition to create "a more complete record." *Id.* at 17. On July 11, 2024, the court ordered Stillwell to appear at a deposition to answer discovery-related questions. *See* Order, 7/11/24. That order also scheduled a hearing on "the imposition of counsel fees and/or sanctions[.]" *Id.*

At the August 13, 2024 sanctions hearing, with Stillwell's deposition having taken place, Buyers' counsel proffered to the court that there were still documents that had not been produced that were encompassed by both orders granting the Buyers' motions to compel. *See* N.T. Sanctions Argument II,

8/13/24, 4-5. The trial court then indicated, in its summation, that there were

two "buckets" of discoverable information:

> Bucket Number 2 does not appear to be an issue today because [Buyers'] counsel is going to send [Appellants' counsel] a new letter regarding the new stuff that they say that your client should produce, so we're going to keep that aside.
>
> Bucket Number 1 would be everything previously covered – everything covered in [the court's] previous orders.
>
> And [the court] kept telling [Buyers' counsel], "Depose [Stillwell] first to see if they exist." There was a question whether it exists.
>
> Now, in what they're telling me, it exists[,] and [Buyers' counsel] don't have it.

*Id.* at 5-6. To the extent that Appellants argued the deposition's contents

could not be used at that argument session to identify discoverable

information, the court stated that Pennsylvania Rule of Civil Procedure 4020

"allows the use of a deposition transcript at trial." *Id.* at 9. However, the

Buyers were "not attempting to use the deposition transcript in lieu of trial

testimony or in some similar fashion. They [were] referring to what they heard

[Stillwell] say." *Id.*

Regardless of Stillwell deposition's "usability" at the second argument

session on sanctions,[6] the court found Appellants' actions over the course of

---

[6] We emphasize that Appellants have pointed to no relevant authority establishing that depositions, and discovery-related information gleaned therefrom, cannot be used for the limited purpose in which it had been used by the trial court, notwithstanding the deposition being less than thirty days old at the time of its use. Furthermore, and more importantly, Appellants do
*(Footnote Continued Next Page)*

two years to warrant reimbursement of attorney's fees in the form of sanctions. *See id.* at 27 (court concluding that Appellants' conduct, i.e., lack of responsiveness to discovery requests, created the condition where they should reimburse Buyers' counsel). We emphasize that Appellants were before the court *three* times to discuss Buyers' discovery requests. Correspondingly, the court entered two discovery orders, putting Appellants on notice that noncompliance thereto could result in sanctions. While Appellants have contested the procedure employed to sanction them, they have not brought forth any argument related to their actual adherence to, or material compliance with, those orders. The 2023 order created the mechanism from which Buyers could seek sanctions, a process to which they availed themselves several times, the last of which with success. As we find the court, on the record before it, did not abuse its discretion in determining that sanctions were warranted given its finding of Appellants' multi-year discovery transgressions, we affirm the order sanctioning Appellants.

Order affirmed.

_____

not substantively contest the Buyers' counsel's recollection of the deposition's contents.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>9/4/2025</u>